## 11317
### STATE v. CHANDLER
(119 S. E., 774)

1. CRIMINAL LAW—REFUSAL TO CONTINUE CASE FOR TEST OF DEFENDANT'S SANITY HELD NOT ABUSE OF DISCRETION.—Where a homicide occurred on February 25, the trial was begun on March 21, and no effort was made after the homicide occurred to commit defendant to State Hospital to test his sanity until the case was called for trial, there was no abuse of the trial Court's discretion in refusing to continue the case, and to commit the defendant.

2. CRIMINAL LAW—PROCEDURE AND EFFECT THEREOF WHERE DEFENDANT REFUSES TO PLEAD TO INDICTMENT ON GROUND OF INSANITY.— If a defendant refuses to plead to an indictment on the ground of insanity, and a jury is called to decide the question of sanity, and it declares him insane, and he later recovers his reason, he can be tried for the same offense.

3. CRIMINAL LAW—PROCEDURE AND EFFECT THEREOF WHERE DEFENDANT PLEADS NOT GUILTY AND INTERPOSES PLEA OF INSANITY.— If defendant pleads not guilty, and interposes a plea of insanity, and the jury declares him insane, the Judge passes an order committing him to the hospital for the insane, and that ends the charge.

4. CRIMINAL LAW—QUESTION OF GRANTING A CONTINUANCE LARGELY WITHIN DISCRETION OF TRIAL COURT REVIEWABLE ONLY FOR ABUSE.— The question of granting a continuance is a matter in a large measure in the discretion of the trial Court, and the exercise of that discretion will not be interfered with in the absence of a clear abuse.

---

Note: On the question that knowledge of one's act is contrary to law as affecting defense of insanity, see note in L. R. A., 1916D, 527.

On test of present insanity which will prevent trial for crime or punishment after conviction, see note in 3 A. L. R., 94.

On the question of admissibility of communications between attorney and client, see note in 67 L. R. A., 923.

5. WITNESSES—DISCLOSURE OF CONFIDENTIAL COMMUNICATIONS BETWEEN ATTORNEY AND CLIENT OR HUSBAND AND WIFE CANNOT BE FORCED.— A confidential communication between attorney and client or husband and wife is a personal privilege, and disclosure cannot be forced.

6. CRIMINAL LAW—WHETHER DEFENDANT SETTING UP CLAIM OF INSANITY ABLE TO DISTINGUISH RIGHT FROM WRONG HELD FOR JURY. —In a murder prosecution, in which the defense of insanity was set up, whether defendant was able to distinguish right from wrong or knew the alleged act was criminal, *held* for the jury.

7. CRIMINAL LAW—DEFENDANT HELD TO HAVE A FAIR TRIAL, THOUGH JURY TOOK ONLY NINETEEN MINUTES TO ARRIVE AT VERDICT.—In a murder prosecution, *held* that defendant had a fair and impartial trial, though the jury took only nineteen minutes to arrive at a verdict.

Before GARY, J., Greenville, March, 1922.    Affirmed.

T. Jeff Chandler was convicted of murder and appeals.

Exceptions 11, 12, 13, and 14 are as follows:

(11) Because his Honor, the presiding Judge, erred in allowing the solicitor to ask hypothetical question of the following witnesses: Dr. E. W. Pressley, Dr. F. G. James, Dr. L. L. Richardson, and Dr. Stewart (witnesses for defendant), and Dr. Chipley and Dr. Taylor (witnesses for the State); said hypothetical question being composed in each instance of irrelevant statements, not based on nor found in the testimony, and not borne out by the facts of the case on trial.

(12) Because his Honor, the presiding Judge, erred in allowing the Solicitor to repeatedly ask Dr. F. G. James, witness for defense, on cross-examination, about the Vaughn Case, and allowing the Solicitor himself to make statements relative thereto, same being highly prejudicial to defendant before the jury.

(13) Because his Honor, the presiding Judge, erred in allowing the State to introduce Policeman W. N. Johnson as a witness for the State, in reply to defendant's evidence, and ask said witness "if defendant said a word about taking his children to the jail," over objection of counsel for de-

fense, on ground that same was not in reply to any evidence of defendant, and not in reply to any hypothetical question asked by the defense, the defendant himself never having been put on the stand, and the State naming no witness of the defense as the one sought to be contradicted by such evidence, and same being merely a contradiction of the State's own witnesses.

(14) Because his Honor, the presiding Judge, erred in allowing Dr. S. J. Taylor, witness for the State, to testify in reply or to testify at all, as to his alleged examination of defendant and diagnosis thereof: (a) Same being forced on defendant, and contrary to his will, and while unable to help himself or to resist the examination, and thereby in contravention of his constitutional rights, both State and Federal, relative to forcing one to give evidence against himself; and (b) on ground that said examination, its disclosures, and physician's diagnosis was a privileged communication, which should not have been divulged by physician over defendant's objection.

*Messrs. Martin & Henry,* for appellant, cite: *Continuance should have been granted on account of defendant's mental condition:* 50 N. J., L. 34; 10 A. L. R., 216; 3 A. L. R., 83; 22 Cyc., 1215. *Admission of evidence connected with another crime inadmissible:* 117 S. C., 355; 100 S. C., 257; 1 Whart. Crim. Ev., 228; Und. Crim. Ev. (2nd Ed.), 160. *Improper for witness to give opinion as to appearance of defendant in Court:* 100 S. C., 257; 90 S. C., 299. *Hypothetical questions not based on facts:* 1 Whart. Crim. Ev. 837; 7 Enc. Ev., 474, 475. *Evidence as to another case prejudicial:* 105 S. C., 59. *Confidential communications between doctor and patient:* Und. Crim. Ev. (2nd Ed.), 341; 28 R. C. L., 534; 535. *Evidence of insanity:* 84 S. C., 526; 1 Whart. Crim. Ev., 30; 24 S. C., 445. *Burden of proof as to insanity:* 117 Mass., 143; 160 U. S., 469; 93 S. C., 156; 24 S. C., 443; 185 S. C., 515; 295 S. C., 4.

*Mr. D. W. Smoak, Solicitor,* for the State.

November 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The defendant, T. Jeff Chandler, was tried before his Honor, F. B. Gary, presiding Judge, and a jury, at the March term of the Court of General Sessions for Greenville County, 1922, upon an indictment charging him with the murder of Rosie K. Bramlett. The homicide occurred on the 25th day of February and trial was begun on 21st day of March, 1922, and jury returned verdict, 'Guilty of murder,' on March 24, 1922. At and before the beginning of the trial a motion was made before the presiding Judge by counsel for defendant, upon affidavit below, for a continuance of the case, on the ground that sufficient time had not been allowed in which to prepare for the trial of so important a case. This motion was overruled. At and before the beginning of the trial a motion was made before the presiding Judge by counsel for defendant to have the defendant committed to the hospital for the insane for a period of 30 days to test his sanity, as provided for by Act No. ———— of the Acts of the General Assembly of the State of South Carolina passed at the regular session of ————————, said motion being based on the following affidavits."

Defendant by 23 exceptions alleges error and seeks reversal. These exceptions complain of error on the part of his Honor in abusing his discretion in denying defendant's motion for continuance on affidavit submitted as to defendant's mental condition, and in admitting during the trial certain evidence alleged to be irrelevant, and in admitting in evidence certain hypothetical questions offered by the State not based on the facts of the case, and evidence to another case irrelevant and prejudicial, and in abusing his discretion in allowing State to introduce evidence in reply, in unrea-

sonable search, forcing evidence against defendant, and disclosure of confidential communications and error on the part of his Honor in charge to the jury.

As to the exceptions raising the question that his Honor should have granted continuance of the case and committed defendant to the hospital for the insane for a period of 30 days, to test his sanity, under Act of the Legislature, etc.: The homicide occurred on the 25th of February, and the trial was begun on the 21st day of March, and a verdict returned on the 24th of March. No effort was made after the homicide occurred to commit him under the Act of Legislature until the case was called for trial.

My understanding of the law is, and that practice I followed as a Circuit Judge, where the defense is insanity, the defendant can refuse to plead to the indictment on the ground of insanity, and then a jury is called for the purpose of deciding the question of defendant's sanity—or defendant can plead not guilty, and interpose the plea of insanity. In the case of question of sane or insane, if the jury declare him insane, he is committed, and, if he recovers his·reason, can later be tried for the alleged offense. In the case of his pleading to the indictment, if the jury declare him insane, the Judge passes an order committing him to the hospital for the insane, and that ends the charge. A careful examination of the case satisfies us that there was no abuse of discretion on the part of his Honor. That is a matter naturally in a large measure in the discretion of the Circuit Judge, and we have repeatedly held that we will not interfere, unless there is a clear abuse.

The exceptions raising these questions are overruled. . As to the exceptions alleging the admission of irrelevant evidence in the trial of the case, we have carefully studied the case, and we see no prejudicial error as complained of, and these exceptions are overruled.

Exception 11 as to the State's hypothetical questions is overruled as being without merit.

Exception 12, which complains of evidence as to another case being irrelevant and prejudicial, is overruled, as it was not prejudicial.

Exception 13 is overruled, that being a question entirely in the discretion of the trial Judge.

Exception 14 is overruled. Dr. Taylor was not the doctor of the defendant.

Confidential communication between attorney and client and husband and wife cannot be forced to be disclosed, but that is a personal privilege of the parties.

Exceptions 15, 16, and 21 claim that the evidence of the whole case indicates defendant's inability to distinguish right from wrong in the act, or that the act was criminal and punishable. This was a question for the jury to determine, and they found contrary to the contention of the defendant with ample evidence to support their finding, and these exceptions are overruled.

We find no error in the Judge's charge as complained of in exceptions 17, 19, and 20; these exceptions are overruled.

Exception 22 asks a review of the whole testimony to determine whether the defendant had a fair and impartial trial in the interest of justice and human life.

We are emphatically of the opinion that the defendant had a fair and impartial trial before a humane, just, learned, and upright Judge, and a fair and impartial jury, and we see no reason why we should grant a new trial. Even if the jury did not take more than 19 minutes to arrive at a verdict, the record discloses a case of murder, unless the defendant was insane, and the jury by their verdict found that it was more a case of satanity, and it was not a case of insanity.

All exceptions are overruled and judgment affirmed.