## 20560

The STATE, Respondent, v. Hampton BRADSHAW, Appellant.

(239 S. E. (2d) 652)

*John I. Mauldin, Asst., Public Defender,* of Greenville, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

December 6, 1977.

*Per Curiam:*

Appellant was convicted of two charges of assault and battery with intent to kill and two charges of armed robbery, and sentenced to a total of seventy (70) years imprisonment. On this appeal it is asserted that the trial judge erred in refusing appellant's motion for a mental examination.

The conviction arose out of an incident at a Greenville nightspot which appellant frequented. According to testimony at trial, the appellant had been in the establishment for approximately one hour before leaving and returning shortly with a rifle. After demanding money, he shot two patrons of the establishment and left with money from the cash register and another patron's wallet. The testimony showed that appellant was acquainted with most of the people present at the time of the incident, including the two who were shot. The motion for a mental examination was based upon appellant's allegation that he did not recall anything of the incident and the fact that appellant knew the victims.

The basic question raised by this appeal is whether under § 44-23-410, S. C. Code Ann. (1976), the trial judge is vested with discretion in determining

whether a defendant should be given a mental examination. That section provides for a mental examination.

Whenever a judge of the circuit court . . . has reason to believe that a person on trial before him, charged with the commission of a criminal offense, is not fit to stand trial because such person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity.

Under predecessor statutes this Court has held that it is within the trial judge's discretion to determine whether a defendant should be given a mental examination. *State v. Sharpe*, 239 S. C. 258, 122 S. E. (2d) 622 (1961) ; *State v. Anderson*, 181 S. C. 527, 188 S. E. 186 (1936) ; *State v. Chandler*, 126 S. C. 149, 119 S. E. 774 (1923). We think it clear from language quoted above that the trial judge still has such discretion. He is faced with the question of whether there is "reason to believe" a defendant lacks a certain mental capacity. This determination necessarily requires the exercise of discretion. To construe this statute as not involving the discretion of the trial judge would make it completely unworkable.

After a careful review of the evidence in the record, we conclude that there was no showing by appellant that would warrant the granting of his motion for a mental examination. Thus, the trial judge did not abuse his discretion in refusing to grant the motion. Accordingly, the conviction is

Affirmed.