20669

The STATE, Respondent, v. William M. DRAYTON. Jr., Appellant.

(243 S. E. (2d) 458)

*John D. Delgado, W. Gaston Fairey,* and *John M. Young,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* and *Sol. James C. Anders,* Columbia, *for respondent.*

April 20, 1978.

LEWIS, Chief Justice:

Appellant, charged with murder, was convicted of voluntary manslaughter and received a sentence of thirty (30) years imprisonment. The homicide occurred on March 28, 1976 and, two days later, on March 30th, appellant was, pursuant to Section 44-23-410 of the 1976 Code of Laws, committed to the South Carolina Department of Mental Health for an evaluation of his mental capacity to understand the proceedings against him and to assist in his own defense. After an extension of the examination period for an additional fifteen (15) days, the examiners certified that appellant was mentally capable of assisting in his defense. Subsequently, the presiding judge, after a hearing on the issue of competency, issued an order on June 25, 1976 finding that appellant was mentally fit to stand trial. There was no appeal from that order. Appellant was brought to trial, before a different presiding judge, about two and one-half (2½) months later, on September 7, 1976, with no further mental examination or request that such be made.

The sole question argued on this appeal concerns the allegation that the trial judge should have, on his own motion, ordered a second hearing on appellant's competency to stand trial. Appellant argues that the failure to order a second competency hearing constituted an abuse of discretion and deprived him of his constitutional right to due process of law and a fair trial. We find no merit in these contentions and affirm.

Code Section 44-23-410 provides for examinations to determine the mental capacity of persons charged with crime

to stand trial. The pertinent portion of this section requires that an examination of a defendant shall be ordered

Whenever a judge of the circuit court . . . has reason to believe that a person on trial before him, charged with the commission of a criminal offense, is not fit to stand trial because such person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, . . .

The statutory injunction, that an examination be ordered when the circuit judge "has reason to believe" that a defendant is not mentally competent to stand trial, involves the exercise of the discretion of the trial judge in evaluating the facts presented on the question of competency. Therefore, whether a competency examination is ordered is within the discretion of the trial judge and a refusal to grant such an order will not be set aside unless there is a clear showing of abuse of such discretion.

The trial judge had before him the order of the previous presiding judge finding, about two and one-half (2½) months before, that appellant was at that time fit to stand trial. The record fails to show additional facts to warrant the trial judge in directing a further examination or hearing. In addition, while contending that appellant was not competent to stand trial, his counsel clearly refused to demand a further competency hearing and stated, referring to the prior determination: "We believe that has already been accomplished."

The issue of insanity, which was asserted as a defense to the charges, was resolved, under the conflicting testimony, adversely to appellant's contentions.

Under these facts, the failure of the trial judge to direct a further examination and hearing to determine appellant's competency to stand trial did not constitute a violation of Code Section 44-23-410, nor did it deprive appellant of due process of law.

Reliance by appellant upon the decision in *Drope v. Missouri,* 420 U. S. 162, 95 S. Ct. 896, 43 L. Ed. (2d) 103 and *Pate v. Robinson,* 383 U. S. 375, 86 S. Ct. 836, 15 L. Ed. (2d) 815, is misplaced. Contrary to the situation in *Drope* and *Pate,* appellant here received a mental examination which showed his capacity to stand trial and obtained a judicial hearing on the issue prior to trial. Furthermore, his attorney stated to the court that no demand was made for a further competency hearing.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.