## 22790

The STATE, Respondent v. Jerry Lee REED, Appellant.

(362 S.E. (2d) 13)

Supreme Court

*David I. Bruck, John H. Blume, S. C. Office of Apellate Defense,* Columbia, *C. Rauch Wise,* and *Mary G. Daniel,* Greenwood, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. William Townes Jones,* Greenwood, *for respondent.*

Heard Oct. 5, 1987.

Decided Nov. 9, 1987.

NESS, Chief Justice:

Appellant was convicted of murder and armed robbery. He received sentences of death and twenty-five (25) years imprisonment, respectively. This appeal consolidates his di-

rect appeal and our mandatory review of his death sentence pursuant to S. C. Code Ann. § 16-3-25 (1985). We reverse and remand.

On March 10, 1986, at approximately 8:00 a.m., J. C. McWhorter was found lying on the floor in his general store. He had been stabbed twice in the neck and had sustained gunshot wounds to the head and midsection. Appellant was seen at the store shortly before the murder by numerous witnesses. Additionally, some ten minutes before the victim was found, a black man was seen running out of the woods near the store and getting into a light blue car being driven by another black person.

After questioning witnesses at the scene, the Abbeville County police issued an all points bulletin for a light blue Thunderbird owned by appellant's girlfriend, co-defendant Sallie Mae Davis. Shortly before noon the same day, a highway patrolman spotted the car at a shopping mall in the city of Greenwood. Co-defendant Gerald Davis, Ms. Davis's brother, was arrested in the mall parking lot and appellant and Ms. Davis were arrested inside the mall.

Appellant testified in his own defense and admitted he stabbed Mr. McWhorter. However, he related that the plan to steal money from Mr. McWhorter was conceived by Ms. Davis, who actually shot and killed him. He further asserted he concealed Ms. Davis's dominant role in the crime when he gave police a statement admitting he stabbed and shot the victim because he had promised her he would do whatever was necessary to prevent her from losing her children.

Ms. Davis denied entering the store or shooting the victim. Although she admitted picking appellant up at the store immediately after the murder and assisting him in disposing of the murder weapon and the knife, she denied any role in, or prior knowledge of, either the robbery or the killing.

Appellant argues the trial judge erred in allowing the State to have the closing argument in the guilt phase of his trial. We agree.

South Carolina Code Ann. § 16-3-28 (Supp. 1986) states in pertinent part: "... in any criminal trial where the maximum penalty is death or in a separate proceeding following such trial, the defendant and his counsel shall have the right to make the last argument." The record is devoid of evidence

appellant made a knowing and intelligent waiver of this right. Speculation as to whether appellant was prejudiced by being denied his right to final argument is inappropriate in this situation and accordingly, the case must be reversed and remanded for a new trial.

Our decision on this issue makes it unnecessary for us to decide the questions raised by appellant's remaining exceptions. However, because of the great public interest in an efficient disposition of capital cases we wish to comment on the following issues which may arise during retrial.

South Carolina Code Ann. § 14-7-820 (Supp. 1986) makes any person employed within the walls of a courthouse ineligible as a juryman in any civil or criminal case. Once a trial judge determines a potential juror is employed in any capacity within a courthouse he must disqualify that person from jury service.

While a trial judge is given wide discretion in deciding whether a juror is qualified or not, *State v. Plemmons*, 286 S. C. 78, 332 S. E. (2d) 765 (1985), extreme caution should be exercised in capital cases to insure the defendant will be tried by a fair and impartial jury.

During the penalty phase of his trial appellant was not permitted to introduce the testimony of Mr. Charles H. Partain as a mitigation witness. Mr. Partain's testimony would have been to the effect that Ms. Davis told him several months before the murder she was angry with the victim because of an argument the two had at his store. According to Mr. Partain, Ms. Davis further stated "she didn't take any junk off anybody, and that she carried a gun and she knowed [sic] how to use it."

The Eighth Amendment of the United States Constitution requires the defendant be allowed to introduce any relevant mitigating evidence, regarding any circumstances of the offense, during the sentencing phase of a capital trial. *California v. Brown,* 479 U. S. _____ , 107 S.Ct. 837, 93 L. Ed. (2d) 934 (1987); *Skipper v. South Carolina ,* 476 U. S. 1, 106 S. Ct. 1669, 90 L. Ed. (2d) 1 (1986). The evidence was relevant to one of the mitigating circumstances charged (§ 16-3-20(C)(b)(5)—the defendant acted under the duress or domination of another), and should have been admitted.

In his penalty phase argument the solicitor asserted any

recommendation of less than death would be evidence the jurors lacked courage and had "copped out." The solicitor referred to "those bad life sentences" and attempted to pressure the jury into rejecting appellant's evidence in mitigation by referring to public opinion. Additionally, the solicitor described the victim as a beloved man in the community who was hard working and had performed numerous acts of fairness and kindness.

We again remind solicitors their final argument in the penalty phase of a capital trial must be carefully tailored so as not to appeal to the personal bias of a juror, nor calculated to arouse his passion or prejudice. *State v. Bell*, 360 S. E. (2d) 706, (S. C. 1987). The argument must be confined to the record and its reasonable inferences and must focus on the characteristics of the defendant and the nature of the crime. *See State v. Bell; State v. Smart*, 278 S. C. 515, 299 S. E. (2d) 686 (1982); *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981).

This Court's decisions condemning arguments by solicitors are so numerous, the principle is elementary. Yet, solicitors continue to ignore the law as set forth by this and higher courts. We hope the dictates of this opinion may finally be heard by the solicitors of this State.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.