1489

The STATE, Respondent v. Jasper BUCHANAN, Appellant.

(394 S.E. (2d) 1)

Court of Appeals

*Assistant Appellate Defender Tara Dawn Shurling*, of *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Atty. Gen., Harold M. Coombs, Jr.*, and *Staff Atty. Miller W. Shealy, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Heard March 21, 1990.

Decided April 16, 1990.

GARDNER, Judge:

Jasper Buchanan (Buchanan) was tried in his absence without counsel for assault and battery with intent to kill. He was convicted and sentenced. He filed a Petition for Writ of Habeas Corpus on October 4, 1988. On October 21, 1988, the Clerk of the South Carolina Supreme Court advised Buchanan his Petition was being treated as a Notice of Intent to Appeal. We reverse and remand.

The sole question before us is whether Section 44-23-410, Code of Laws of South Carolina (1976) was triggered by the testimony of record, Buchanan's conduct and by two separate orders of the trial judge.

Buchanan was indicted for assault with intent to kill. The case was called for trial on September 27, 1988. Buchanan's behavior was strange. He told the court that he had been assaulted by a police officer and wanted his attorney dismissed. The trial judge issued an order on the motion of the assistant solicitor which, in pertinent part, provides:

WHEREFORE, IT IS ORDERED that the defendant shall be:

(a) Examined and observed at the appropriate facility of the South Carolina Department of Mental Health for a period not to exceed fifteen (15) days relative to his mental capacity to stand trial. (Section 44-23-410(1) or Section 44-23-410(2), Code of Laws of South Carolina, 1976) And shall be:

(b) Examined as aforesaid to determine whether or not the above-named defendant is criminally responsible pursuant to the McNaughten test for his actions on or about December 23, 1987.

The following day Buchanan had a brief conversation with a psychiatrist who finally testified "I don't think my conversation was long enough for me to make a decision about competency to stand trial."

The next day Buchanan was tried in his absence without counsel, convicted and sentenced to ten years with the provision that the sentence be served consecutively with any other previously existing sentence. At the time Buchanan was serving a sentence for a previous conviction. After the sentencing on the evening of September 28, 1988, the trial judge issued another order on the motion of the assistant solicitor which provided in pertinent part the following:

WHEREFORE, IT IS ORDERED that the defendant shall be:

(a) Examined and observed by a licensed psychiatrist for a period not to exceed fifteen (15) days relative to his

mental capacity to stand trial. (Section 44-23-410(1) or Section 44-23-410(2), Code of Laws of South Carolina, 1976).

(b) [Deleted.]

Section 42-23-410, in pertinent provides:

Whenever a judge of a circuit court, county court, or family court has reason to believe that a person on trial before him, charged with the commission of a criminal offense, is not fit to stand trial because such person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall:

(1) Order examination of such person by two examiners designated by the Department of Mental Health or the Mental Retardation Department or both; such examination shall be made within fifteen days after the court's order, or

(2) Order such person committed for examination and observation to an appropriate facility for a period not to exceed fifteen days. If at the end of fifteen days the examiners have been unable to determine whether the person is fit to stand trial, the superintendent of the facility shall request in writing an additional period for observation not to exceed fifteen days. If such person or his counsel so requests, the person may be examined additionally by a designated examiner of his choice. The report of such examination shall be admissible as evidence in subsequent hearings pursuant to Section 44-23-430. *Provided,* that the court may prescribe the time and conditions under which such independent examination is conducted.

Ordering a competency examination is within the discretion of the trial judge; the refusal to grant such an examination will not be set aside unless there is a clear showing of abuse of discretion on the part of the trial judge. *State v. Drayton,* 270 S.C. 582, 243 S.E. (2d) 458 (1978).

We have carefully reviewed the entire record before us and conclude that Buchanan's conduct, the statement of the psychiatrist to the effect that his interview

with Buchanan was not long enough to make a decision about competency to stand trial, the statements of the trail judge during the process of the trial and the two quoted orders reflect that the trial judge had reason to believe that a competency examination was necessary. We therefore find that there was an abuse of discretion in the failure to comply with Section 44-23-410; accordingly, the judgment appealed from is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

SHAW and CURETON, JJ., concur.