## 23988

The STATE, Respondent v. Larry Eugene HALL, Appellant.
(439 S.E. (2d) 278)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III* and *Asst. Appellate Defender Robert M. Dudek, SC Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Oct. 5, 1993.

Decided Jan. 10, 1994.

Reh. Den. Feb. 3, 1994.

CHANDLER, Justice:

Appellant Larry Eugene Hall (Hall) was convicted of murder, kidnapping, first-degree criminal sexual conduct (CSC), armed robbery and resisting arrest. He was sentenced to death for murder, 30 years each for kidnapping and CSC, 25 years for armed robbery and 10 years for resisting arrest.

We affirm both the convictions and sentences.

## FACTS

On July 16, 1991, in the parking lot of Wal-Mart in Easley, Hall approached a Wal-Mart employee, Melinda Brackett, as she entered her car. Hall asked Brackett for directions and, as she turned to point, he stuck a gun through the car window into her face. Hall forced her into the passenger seat, then took the driver's seat. After forcibly taking from Brackett

$2.26 in cash and her cigarettes and lighter, Hall sexually assaulted her. He then forced Brackett, at gunpoint, to exit the car and walk to nearby woods. As they walked, the attention of another Wal-Mart employee, Dale Bridgeman, was attracted. Bridgeman, realizing something was awry, summoned two other store employees, Langston and Grimes. Bridgeman then drove his truck directly into the path of Hall and Brackett. Brackett warned the three employees that Hall had a gun. Hall waved his gun, pushed Brackett aside, turned and walked away.

After returning to Wal-Mart, Langston heard screams that "There's two girls been shot back there." The two girls were 19-year-old Wendy Murphree and her sister, 15-year-old Lori Murphree. A witness saw Hall shoot Lori once, then stand over her and shoot her again when she fell. No eyewitnesses saw Hall shoot Wendy, but several individuals observed him standing over both victims with his gun. Each had been shot twice at close range, once through the chest and once in the head. Wendy died at the scene; Lori died shortly thereafter at a hospital.

Following the shootings, Hall ran into a yard directly behind Wal-Mart, where he was met by police officers. Hall obeyed the officers' command to drop his gun; however, he picked up a large piece of timber, which he swung at them, daring them to shoot. Hall was tackled and subdued by the officers. The cigarettes, lighter and cash taken from Brackett were found in Hall's pocket.

From his multiple jury trial convictions, Hall appeals.

## ISSUES

1. Did the court err in failing to *sua sponte* instruct a prospective juror that she was not to speculate on parole?
2. Did the court err in requiring a defense expert to reduce his medical opinion to a writing to be produced for the Solicitor?
3. Does the failure to obtain an on-the-record waiver of the right to personally address the guilt phase jury warrant reversal?
4. Did the court err in refusing to allow a witness to testify regarding the effects of certain drugs on her?

5. Does the failure to obtain an on-the-record waiver of the right to testify, at sentencing, warrant reversal?
6. Did the court err in failing to conduct a competency hearing?

## DISCUSSION

### 1. *Parole Eligibility Instruction*

Hall asserts error in trial court's failure, during *voir dire*, to *sua sponte* instruct a juror that she could not speculate about the possibility of parole.

Defense counsel never sought such an instruction nor did he object to the trial court's failure to give one. Accordingly, there is no issue preserved for review. *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991).

### 2. *Expert's Written Report*

Prior to trial, the Solicitor moved for disclosure of Hall's expert psychologist's report, pursuant to Rule 5(b)(1)(B) SCRCrimP. Hall resisted, contending that his expert, Dr. Spurgeon Cole, did not prepare "written reports." The Court ordered that, if Dr. Cole was to testify, he "reduce his testimony to writing and produce it to the solicitor." Hall's counsel responded, "Yes, sir. If he is going to testify."

Hall now asserts error.

It is clear from the record that Hall made no objection to the ruling; indeed, he expressly acceded to the Judge's instructions. No issue is preserved for review. *State v. Torrence*, *supra*.

### 3. *Waiver of Guilt Phase Argument*

Hall claims error in trial court's failure to obtain an on-the-record waiver of his right to address, personally, the guilt phase jury pursuant to *State v. Orr*, 304 S.C. 185, 403 S.E. (2d) 623 (1991) and *State v. Reed*, 293 S.C. 515, 362 S.E. (2d) 13 (1987), *overruled, in part, on other grounds, State v. Torrence, supra.* As Hall raised no objection, this contention must be addressed in a postconviction relief proceeding (PCR). *State v. Rocheville*, — S.C. —, 425 S.E. (2d) 32 (1993); *State v. Torrence, supra.*

### 4. *Effects of Dilantin and Phenobarbital*

Hall, an epileptic, took medically prescribed Dilantin and Phenobarbital for control of seizures. At sentencing, he attempted to question a friend of the family, Donna Rollins, who suffered epilepsy, concerning the effects of Dilantin and Phenobarbital *on her*. After Solicitor's objection was sustained, Hall made no proffer of her testimony, nor did he establish its relevance. The issue is not preserved for review. *State v. Cabbagestalk*, 281 S.C. 35, 314 S.E. (2d) 10 (1984) (Failure to make offer of proof precludes review of issue on appeal).

### 5. *Waiver of Right to Testify at Sentencing*

Hall next contends the Court erred in failing to obtain a waiver of his right to testify at sentencing in violation of *State v. Orr, supra.*

Although the record does reveal a waiver of the right to personally address the sentencing jury, there is no on-the-record waiver of his right to *testify* at sentencing. The waiver of *both* rights must appear on the record. *State v. Orr, supra; State v. Norris*, 285 S.C. 86, 328 S.E. (2d) 339, 343 (1985) *overruled, in part, on other grounds, State v. Torrence, supra; State v. Ray,* — S.C. —, 427 S.E. (2d) 171, 174 (1993).

However, there being no objection at trial, Hall's proper remedy is PCR. *State v. Rocheville, supra; State v. Torrence, supra.*

### 6. *Competency Hearing*

Finally, Hall asserts reversible error in trial court's failure to conduct a hearing, pursuant to *State v. Blair,*[1] to determine his competence to stand trial. We disagree.

Prior to trial, the State's psychologist determined that Hall was, in fact, competent. Moreover, Hall himself indicated that he understood the proceedings. The evidence of record negates the necessity of a competency hearing. *State v. Elmore*, 279 S.C. 417, 308 S.E. (2d) 781 (1983), *overruled, in part, on other grounds, State v. Torrence, supra.*

---

[1] 275 S.C. 529, 273 S.E. (2d) 536 (1981).

## CONCLUSION

We have conducted a review pursuant to S.C. Code Ann. § 16-3-25 (1985) and conclude that the sentence is not excessive or disproportionate to the penalty imposed in similar cases. *State v. Bell,* 305 S.C. 11, 406 S.E. (2d) 165 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 888, 116 L.Ed. (2d) 791 (1992); *State v. Sims,* 304 S.C. 409, 405 S.E. (2d) 377 (1991), *cert. denied,* — U.S. —, 112 S.Ct. 1193, 117 L.Ed. (2d) 434 (1992); *State v. Green,* 301 S.C. 347, 392 S.E. (2d) 157, *cert. denied,* 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed. (2d) 183 (1990). Accordingly, Hall's convictions and sentences are affirmed.

Hall's remaining issues are affirmed pursuant to Rule 220(b)(1) SCACR and the following authorities: *State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991) (Issues 1, 7, 9 and 10); *State v. Davis,* — S.C. —, 422 S.E. (2d) 133 (1992), *cert. denied* — U.S. —, 113 S.Ct. 2355, 124 L.Ed. (2d) 263 (1993); *State v. Adams,* 279 S.C. 228, 306 S.C. (2d) 208, *cert. denied* 464 U.S. 1023, 104 S.Ct. 558, 78 L.Ed. (2d) 730 (1983), *overruled, in part, on other grounds, State v. Torrence, supra,* (Issue 2); *State v. Tyner,* 273 S.C. 646, 258 S.E. (2d) 559 (1979) (Issue 3).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.