2485

The STATE, Respondent v. Donald SINGLETON, Appellant.

(472 S.E. (2d) 640)

Court of Appeals

*Assistant Appellate Defender M. Anne Pearce,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney general John W. McIntosh,* and *Assistant Deputy Attorney General Salley W. Elliott,* Columbia; and *Solicitor Barbara R. Morgan,* Aiken, *for respondent.*

Resubmitted June 6, 1996.

Decided June 6, 1996.

## ORDER ON PETITION FOR REHEARING

*Per Curiam:*

After reviewing the appellant's Petition for Rehearing, it is ordered the petition is granted without oral argument. The prior opinion in this matter, Opinion No. 2485, filed March 18, 1996, is hereby withdrawn and the attached opinion is issued in its place.

IT IS SO ORDERED.

/s/ Jasper M. Cureton, J.
FOR THE COURT

*Per Curiam:*

Donald Singleton appeals from a circuit court order revoking his probationary sentence. We vacate and remand.[1]

In May 1994, Singleton pled guilt to grand larceny and was sentenced to five-years imprisonment, suspended upon admission to a frug treatment facility and five years probation. He was also ordered to undergo six months intensive probation, follow the advice of the Bamberg Alcohol and Drug Commission, and pay $150 restitution. He spent fifty-eight days in a drug rehabilitation program and was released on July 7, 1994. Subsequently, his probation agent sought revocation of his probation based on (1) his failure to report on six occasions in

---

[1] We decide this case without oral argument because oral argument would not aid us in resolving the issues involved in this case.

July and August 1994; (2) his failure to remit any payments towards his restitution; and (3) his admitted use of crack cocaine on August 1, 1994.

At the probation revocation hearing, Singleton's counsel advised the court that Singleton suffers from mental health problems and was receiving treatment from the Mental Health Commission. Singleton's counsel further advised the court that Singleton "hears voices and has audio and visual hallucinations." Singleton's mother spoke at length regarding her belief that his history of odd, and sometimes violent, behavior stems from a childhood poisoning incident. Singleton's counsel then advised the court that Singleton had several pending charges against him and counsel intended to seek a mental evaluation as to those charges. Counsel then moved to have the hearing held in abeyance until Singleton could be seen at the Department of Mental Health "to determine his willful actions, if this was something that he could not help because of a mental defect or was indeed a willful thing that he did." The court denied the motion without explanation, found Singleton in willful violation of his probation, revoked the probationary sentence and reinstated the remainder of the five-year prison sentence. In spite of this ruling, the judge stated "I urge treatment for [Singleton's] mental condition while he's incarcerated and for drugs, and that he go through the [Alcohol Treatment Unit] before he is released."

On appeal, Singleton asserts the trial court abused its discretion, and thereby deprived him of due process, in revoking his probation without first ordering that he undergo a mental evaluation pursuant to S.C. Code Ann. § 44-23-410 (Supp. 1995).[2] We agree.

Due process prohibits the conviction of a person who is ■ mentally incompetent. *Jeter v. State*, 308 S.C. 230, 417 S.E. (2d) 594 (1992), *citing Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). In line with this fundamental principle, our legislature has set forth established procedures for determining whether a defendant is

---

[2] Our research reveals out Supreme Court has not yet had occasion to rule on the applicability of § 44-23-410 to probation revocation hearings. However, because the State presents no argument challenging the applicability of the statute, we assume its applicability for the limited purposes of this appeal.

competent to stand trial. Specifically, § 44-23-410 provides, in pertinent part, as follows:

**Determination of capacity of persons charged with crime to stand trial; duty of judge.**
Whenever a judge of the Circuit Court . . . has reason to believe that a person on trial before him, charged with the commission of a criminal offense . . . is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall:
(1) order examination of the person. . . .

Despite the mandatory language contained in § 44-23-410, the ordering of a competency examination pursuant to the statute is within the discretion of the trial judge and the refusal to grant such an examination will not be disturbed on appeal absent a clear showing of abuse of the discretion. *State v. Drayton,* 270 S.C. 582, 243 S.E. (2d) 458 (1978); *State v. Buchanan,* 302 S.C. 83, 394 S.E. (2d) 1 (Ct. App. 1990).

We have carefully reviewed the entire record before us and conclude that Singleton's counsel's report to the court that he suffers from symptoms suggestive of schizophrenia and was under psychiatric care at the time of the hearing, along with his mother's testimony regarding the seriousness and duration of his mental problems and the statement of the trial judge at the conclusion of the hearing indicating he believes Singleton needs additional treatment for his mental condition reflect that the trial judge had reason to believe that a competency examination was necessary. We therefore find that there was an abuse of discretion in the failure to comply with § 44-23-410.[3]

_____

[3] We are cognizant of Singleton's failure to expressly cite § 44-23-410 as a basis for his motion to hold the probation revocation hearing in abeyance pending a mental evaluation; however, given the language of the statute providing that such an examination should be ordered "whenever a Circuit Court . . . has reason to believe" a defendant may lack the mental capacity necessary to stand trial, we do not believe the absence of such a motion relieves the trial court of the duty to order such an examination on its own motion.

Accordingly, we vacate the circuit court's order revoking Singleton's probation and remand for a mental evaluation pursuant to § 44-23-410. After the court receives the report, the court shall determine whether Singleton has the requisite capacity to participate in his defense at a revocation proceeding. If the court determines Singleton lacks the requisite capacity, the court shall hold any further proceedings regarding the disposition of his probationary status in abeyance until such time as he becomes competent. *Cf. State v. Blair*, 275 S.C. 529, 273 S.E. (2d) 536 (1981).

Vacated and remanded.

HOWELL, C.J., and CURETON and CONNOR, JJ., concur.