539 S.E.2d 720

The STATE, Respondent,

v.

Harold BRADLEY, Appellant.

No. 3266.

Court of Appeals of South Carolina.

Submitted Nov. 6, 2000.
Decided Dec. 11, 2000.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for respondent.

CURETON, Judge:

Harold Bradley appeals his first degree burglary, armed robbery, and weapon possession convictions on the ground the trial court erred in denying Bradley's motion for a mental evaluation. We affirm.[1]

## FACTS

In 1993, Bradley was hospitalized and released with a diagnosis of "Major Depression with Psychotic Features and a Conduct Disorder as well as Antisocial Personality Traits." Bradley contacted the Clarendon Mental Health Center in January, 1995, but did not comply with the recommended treatment.

In October, 1997, a Clarendon County Grand Jury indicted Bradley for charges involved in this appeal.[2] The circuit court ordered the Department of Mental Health (DMH) to evaluate Bradley and determine whether he had the requisite mental capacity to stand trial and whether he was criminally responsible for the charged crimes.

Pursuant to the circuit court order, DMH attempted a competency evaluation of Bradley on May 8, 1998. DMH abandoned the evaluation "due to the lack of patient cooperation" finding Bradley responded to questions in a deliberately vague and evasive manner. DMH declined to issue opinions regarding Bradley's diagnosis and competency to stand trial.

DMH evaluated Bradley again on August 14, 1998, with his attorney present, in an attempt to complete the evaluation. Bradley was still generally uncooperative, but answered some questions. In the evaluation report, issued by Dr. Richard Frierson of DMH, Frierson concluded Bradley "is not mentally retarded and is functioning in a range of average intelligence." Dr. Frierson also noted that most of Bradley's answers were purposely vague, and that "some skill is involved in being able to do this consistently." In the DMH letter accompanying the evaluation, written by an Associate Director

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. Bradley was also indicted for attempted murder.

at DMH, the Director concluded "the hospital staff finds that [Bradley] shows Mild Mental Retardation" and stated: "In regard to the determination of competency to stand trial, indications of mental retardation should be evaluated by the South Carolina Department of Disabilities and Special Needs [DDSN]." There were no evaluation reports written by DMH physicians indicating mental retardation.

Bradley's case was tried before a jury in October of 1998. Before the trial, Bradley's attorney moved that Bradley be examined by DDSN. The circuit court denied the motion.

## *LAW/ANALYSIS*

Bradley, relying on the DMH letter, maintains the trial court violated South Carolina Code Annotated Section 44–23–410 (Supp.1999) by denying his motion for a psychiatric evaluation by DDSN. We disagree.

The relevant portions of Section 44–23–410 state:

Whenever a judge . . . has reason to believe that a person on trial before him . . . is not fit to stand trial because the person lacks [mental] capacity . . . the judge shall:

(1) order examination of the person by . . . the Department of Mental Health if the person is suspected of having a mental illness or . . . by the Department of Disabilities and Special Needs if the person is suspected of being mentally retarded . . . or by both [DMH and DDSN] . . . if the person is suspected of having both mental illness and mental retardation . . . or

(2) order the person committed for examination and observation to . . . [DMH or DSSN]. . . . If the examiners designated by the Department of Mental Health find indications of mental retardation or a related disability but not mental illness, the department shall not render an evaluation on the person's mental capacity, but shall inform the court that the person is "not mentally ill" and recommend that the person should be evaluated for competency to stand trial by the Department of Disabilities and Special Needs.

S.C.Code Ann. § 44–23–410 (Supp.1999).

Bradley argues the trial judge erred by not sending him to DDSN for evaluation, despite the DMH letter. However, in

reviewing section 44–23–410 and predecessor statutes, our supreme court held that it is within the trial judge's discretion to determine whether a defendant should be given a mental examination. *State v. Bradshaw,* 269 S.C. 642, 239 S.E.2d 652 (1977); *State v. Anderson,* 181 S.C. 527, 188 S.E. 186 (1936); *State v. Chandler,* 126 S.C. 149, 119 S.E. 774 (1923). In *Bradshaw* the court stated: "We think it clear ... that the trial judge still has such discretion. He is faced with the question of whether there is 'reason to believe' a defendant lacks a certain mental capacity. This determination necessarily requires the exercise of discretion." *Bradshaw* at 644, 239 S.E.2d at 653.

In *State v. Drayton,* 270 S.C. 582, 243 S.E.2d 458 (1978), again addressing section 44–23–410, the supreme court stated:

The statutory injunction, that an examination be ordered when the circuit judge 'has reason to believe' that a defendant is not mentally competent to stand trial, involves the exercise of the discretion of the trial judge in evaluating the facts presented on the question of competency. Therefore, whether a competency examination is ordered is within the discretion of the trial judge and a refusal to grant such an order will not be set aside unless there is a clear showing of abuse of such discretion.

*Drayton* at 584, 243 S.E.2d at 459. *See also State v. Singleton,* 322 S.C. 480, 472 S.E.2d 640 (Ct.App.1996) (finding the question whether to order a competency examination pursuant to the statute is within the discretion of the trial court).

In light of Dr. Frierson's evaluation report, we conclude the failure of the trial court to direct a further examination to determine Bradley's competency did not constitute an abuse of discretion. Accordingly, the conviction is

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.