THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Christopher Owens,       
Appellant.
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2003-UP-669
Submitted October 6, 2003  Filed November 
 17, 2003

AFFIRMED 

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor 
 Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

Per Curiam:  
 Christopher Owens was convicted for first-degree burglary, armed robbery, and 
 conspiracy.  He was sentenced to twenty-five-years imprisonment for burglary, 
 fifteen-years imprisonment for armed robbery, and five-years imprisonment for 
 conspiracy, the sentences to run concurrently.   Owens appeals, arguing the 
 trial court erred by: 1) failing to order a mental evaluation to determine his 
 competency to stand trial; and 2) excluding testimony regarding his competency 
 to stand trial.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
Owens was indicted in 1998 
 for murder, first-degree burglary, first-degree criminal sexual conduct, robbery, 
 and conspiracy.  Thereafter, more than two years elapsed before his trial, during 
 which time Owens changed attorneys on several occasions.  
When the case was called 
 for trial in 2000, Owens newly obtained counsel made a motion for Owens to 
 undergo a mental evaluation to determine his competency to stand trial.  In 
 support of this motion, Owens counsel argued that although none of Owens previous 
 attorneys had requested a mental evaluation, he was concerned with Owens competency 
 because Owens exhibited signs of mental instability during the previous weekend.  

Owens counsel presented two documents to support 
 his motion.  The first, a medical evaluation in May 1997 by Psychiatrist B.J. 
 Ramsey, stated Owens was admitted to a psychiatric institute at age fourteen 
 because he attempted to commit suicide.  The report indicates Owens suicide 
 attempts were based, in part, on Owens auditory hallucinations in the form 
 of discussions with his dead uncle.  The report noted the alleged discussions 
 did not have negative messages and did not include any suggestions to Owens 
 that he cause harm to himself or others.
The report also indicated Owens was previously 
 diagnosed with major depressive disorder and that at discharge Owens was taking 
 Zoloft, as well as Zyprexa.  
The second report, a January 
 1998 report by Psychologist Tammy Morris ordered following Owens arrest, indicates 
 Owens was a mildly mentally disabled fifteen-year-old adolescent.  Additionally, 
 it indicates Owens continues to experience auditory hallucinations in the form 
 of conversations with his dead uncle.  The report indicates Owens conversations 
 with the dead uncle were positive and did not involve suggestions to Owens to 
 hurt himself or others.  According to the report, the hallucinations were the 
 result of depression, and not psychosis.
The report also indicated Owens continues to take 
 Zoloft and Zyprexa, as well as Vistaril, but further indicates Owens was cooperative, 
 attentive, focused, responsive to questions, and able to conform his behavior 
 to acceptable societal norms.  
Following introduction of the reports, the circuit 
 court conducted an examination of Owens, and, noting the affidavits and its 
 own questioning of Owens, found a mental evaluation was not required.  The court 
 observed that Owens was oriented, knowledgeable of the charges presented against 
 him, and able to participate in his own defense.  
After the circuit court 
 ruled on the motion, Owens counsel moved for the first time to hear from Owens 
 grandmother, Hattie Owens, on the issue of competency.  The circuit court denied 
 counsels request, citing Rule 18, South Carolina Rules of Criminal Procedure. 
 [1]   
Owens was subsequently 
 convicted for first-degree burglary, armed robbery, and conspiracy.  Owens appeals.
LAW/ANALYSIS
I.       Mental Evaluation
Owens argues the circuit 
 court erred by failing to order a mental evaluation pursuant to South Carolina 
 Code Annotated section 44-23-410 (2002).  We disagree.
Due process prohibits the conviction of a person 
 who is mentally incompetent.  Jeter v. State, 308 S.C. 230, 232, 417 
 S.E.2d 594, 595 (1992).  Accordingly our legislature has established procedures 
 to determine when an individual must undergo mental evaluations to determine 
 their competency to stand trial.  See S.C. Code Ann. § 44-23-410.    
 Section 44-23-410 provides [w]henever a judge . . . has reason to believe that 
 a person on trial before him . . . is not fit to stand trial because the person 
 lacks the capacity to understand the proceedings against him or to assist in 
 his own defense as a result of a lack of mental capacity, the judge shall . 
 . . order a mental evaluation.  
The statutory injunction, that an examination 
 be ordered when the circuit judge has reason to believe that a defendant is 
 not mentally competent to stand trial, involves the exercise of the discretion 
 of the trial judge in evaluating the facts presented on the question of competency.  
 State v. Drayton, 270 S.C. 582, 584, 243 S.E.2d 458, 459 (1978).  A refusal 
 to grant an evaluation will not be disturbed on appeal absent a clear showing 
 of an abuse of discretion. Id.; State v. Singleton, 322 S.C. 480, 
 483, 472 S.E.2d 640, 642 (Ct. App. 1996).   
Owens produced two reports generated between two and 
 three years prior to the trial to support his contentions.  Following the introduction 
 of the reports, the circuit court conducted a hearing, questioning Owens to 
 determine that he knew the day of the week, his residence, his physical location, 
 his age, his lawyers name, the name of his school, the specific classes he 
 was taking, and why he was in court.  Owens answered each question correctly 
 and noted that he was at the courthouse because [he] was on trial here . . 
 . [charged with] murder for this elderly woman. 
Based on the evidence presented, the circuit court 
 declined to order a mental evaluation of Owens, finding Owens was oriented 
 as to time and place and the extent of the charges against him.  
We find no clear abuse of discretion.  The supporting 
 affidavits presented by Owens indicate that although Owens has some psychological 
 and mental impairment, Owens was cooperative, attentive, focused, and responsive 
 to questions during his evaluation.  Furthermore, the circuit courts hearing 
 indicates the defendant understood the proceedings against him and was capable 
 of assisting in his own defense.  This evidence is sufficient to support a finding 
 Owens was competent to stand trial.  See State v. Reed, 332 S.C. 
 35, 39-40, 503 S.E.2d 747, 749 (1998) (The test for determining . . . competency 
 to stand trial is whether . . . [the defendant] has sufficient present ability 
 to consult with his lawyer with a reasonable degree of rational understanding 
 and whether he has a rational as well as a factual understanding of the proceedings 
 against him.) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960).  
 Thus, the circuit court did not abuse its discretion in declining to order a 
 mental evaluation pursuant to section 44-23-410.
II.      Opportunity to be heard
Owens argues the circuit 
 court erred by excluding his grandmothers testimony.  
The circuit court ruled Owens was competent to 
 stand trial.  Thereafter, and for the first time, Owens moved to admit his grandmothers 
 testimony.  The circuit court denied the motion, and Owens timely objected.  
 However, Owens did not proffer the grandmothers testimony.  Thus, the issue 
 is not preserved for appellate review.  See State v. Roper, 274 
 S.C. 14, 20, 260 S.E.2d 705, 708 (1979) (It is well settled that a reviewing 
 court may not consider error alleged in [the] exclusion of testimony unless 
 the record on appeal shows fairly what the rejected testimony would have been.); 
 see also State v. Cabbagestalk, 281 S.C. 35, 36, 314 S.E.2d 
 10, 11 (1984) (failure to make an offer of proof prevents the appellate court 
 from determining whether the exclusion of testimony is prejudicial and thus 
 precludes the appellant from raising the issue on appeal).  
Notwithstanding Owens failure to make a proffer, 
 Owens contends his grandmothers testimony during Owens suppression hearing 
 four days later was sufficient to provide a proffer because her subsequent testimony 
 was substantially similar to what her testimony would have been during the competency 
 hearing.  
During the suppression hearing, Owens grandmother 
 testified Owens was mentally and psychologically disabled, as evidenced by his: 
 suicide attempt, admission to a psychiatric institute, auditory hallucinations, 
 low reading level, low cognitive level, and prescriptions for several drugs.  
 Her testimony also indicates Owens mental and psychological impairments were 
 less severe at the time of trial than they were when the two previously mentioned 
 reports were generated.  
Assuming we accept Owens position, Owens grandmothers 
 testimony is substantially similar to the information already presented to the 
 circuit court through the two reports.  Furthermore, the circuit court did not 
 question the veracity of the reports or their content, and based its decision, 
 in part, on its own examination of Owens.  
Thus, the testimony was at best cumulative, and 
 its exclusion, even if error, was not prejudicial error subject to reversal.  
 See State v. Gaskins, 284 S.C. 105, 117, 326 S.E.2d 132, 140 (1985) 
 (Error in the exclusion of evidence is not prejudicial where its effect would 
 have been merely cumulative.); State v. Taylor, 333 S.C. 159, 172, 508 
 S.E.2d 870, 876 (1998) (holding an appellate court will not reverse a lower 
 court for improperly admitting or excluding evidence unless the error was prejudicial).  

CONCLUSION
For the foregoing reasons, the decision of the circuit court is 

AFFIRMED. 
 [2] 
STILWELL, HOWARD, and KITTREDGE, JJ., 
 concurring.

 
 
 [1] Rule 18(a), South Carolina Rules of Criminal Procedure states:  Counsel 
 shall not attempt to further argue any matter after he has been heard and 
 the ruling of the court has been pronounced.

 
 
 
 [2] Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.