**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jonathan W. Duncan, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2021-000279

———————

Appeal From Oconee County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-362
Submitted September 1, 2022 – Filed September 28, 2022

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Lillian Loch Meadows, both of
Columbia, for Respondent.

———————

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the denial of his
application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR judge's finding that

Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on this issue and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On direct appeal, Petitioner argues the plea court erred by failing to conduct a competency hearing pursuant to section 44-23-410(A) of the South Carolina Code (2018) and *State v. Blair*[1] prior to accepting his guilty pleas. *See* § 44-23-410 ("Whenever a judge of the circuit court . . . has reason to believe that a person on trial before him, charged with the commission of a criminal offense . . . , is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall: (1) order examination of the person by two examiners designated by the Department of Mental Health if the person is suspected of having a mental illness . . . ."). We affirm pursuant to Rule 220(b), SCACR.

We hold the plea court did not abuse its discretion by failing to sua sponte conduct a competency hearing. *See State v. White*, 364 S.C. 143, 147, 611 S.E.2d 927, 929 (Ct. App. 2005) ("The statutory injunction, that an examination be ordered when the circuit judge 'has reason to believe' that a defendant is not mentally competent to stand trial, involves the exercise of the discretion of the trial judge in evaluating the facts presented on the question of competency." (quoting *State v. Drayton*, 270 S.C. 582, 584, 243 S.E.2d 458, 459 (1978))); *id.* ("Thus, despite the mandatory language contained in § 44-23-410, the decision of whether to order a competency examination is within the discretion of the trial judge, whose decision will not be overturned absent a clear showing of abuse of discretion."). Petitioner underwent three mental health examinations and was adjudged competent before he pled guilty. Further, plea counsel not only believed Petitioner understood his rights, he also agreed there was nothing in the evaluations that would cause him to question Petitioner's competency to enter a plea. Moreover, Petitioner appeared to understand the plea proceeding based on his responses to the questions from the plea court. *See State v. Hall*, 312 S.C. 95, 99, 439 S.E.2d 278, 281 (1994) (holding the trial court did not err by failing to conduct a competency hearing because "[t]he evidence of record negate[d] the necessity" and noting the State's psychologist determined the defendant was competent and the defendant himself indicated he understood the proceedings). Thus, based on the record before this court, we hold the plea court did not abuse its discretion by failing to order a competency hearing prior to Petitioner entering his guilty pleas.

---

[1] 275 S.C. 529, 273 S.E.2d 536 (1981).

**AFFIRMED.**[2]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.