## 21071

The STATE, Respondent, v. Donnie BECKHAM, Appellant.

(259 S. E. (2d) 610)

*Michael Stegner,* of Law Offices of *Furman & Speedy,* Camden, *for Appellant.*

*Atty. Gen. Daniel R. McLeod, Staff Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. John Justice,* Chester, *for Respondent.*

October 25, 1979.

LITTLEJOHN, Associate Justice:

Appellant Donnie Beckham was convicted of housebreaking and grand larceny. Prior to trial, Beckham's attorney moved for continuance because of remarks made by the trial judge on the previous day, incident to another case. The motion was denied. Beckham appeals, alleging abuse of discretion. We affirm.

The remarks had occurred following a verdict of not guilty in a case in which Beckham's counsel had represented an absent defendant on a charge of driving under the influence. The judge told the jury, apparently in the presence of the jury *venire:*

"I want you to know that I don't approve of that verdict at all. The sole evidence was here—this man was under the influence driving a car, hasn't been denied."

The trial judge's remarks were aimed at a specific situation which bore no factual resemblance to Beckham's. Furthermore, the judge took great pains in properly instructing the

jury on the presumption of Beckham's innocence and the State's burden of proof. In particular, the judge charged:

"You are the sole judges of the facts in the case. I can't help you with the facts. I'm not allowed to even comment upon the facts, so during the course of the trial I have had to rule on certain motions, upon the admissibility of testimony. I did that as a matter of law, and *you cannot take any ruling, any statement of mine during the course of this trial, or any other trial for that matter,* that I have any opinion as to how you should decide the facts in this case. The facts are for you, and you alone, to decide from the sworn testimony in the case." (Emphasis added.)

"It is the duty of jurors to take the law from the court in the particular case on trial. It must be presumed that they do so." *State v. Queen,* 264 S. C. 515, 521, 216 S. E. (2d) 182, 185 (1975).

The law is well-settled that a motion for a continuance is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed by this court absent a showing of abuse of discretion. *State v. Brooks,* 271 S. C. 355, 247 S. E. (2d) 436 (1978). It is the modern trend, and perhaps the better practice, for judges to refrain from comment on a jury verdict; however, appellant has not convinced this court that the statement prejudiced his right to a fair trial. We find no abuse of discretion.

The record amply supports the jury's finding of guilt. The conviction is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.