### 21170

The STATE, Respondent, v. Rickey LEE, Appellant. (Two cases)
(264 S. E. (2d) 418)

*John L. Sweeny,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* and *Sol. James C. Anders,* Columbia, *for respondent.*

March 18, 1980.

LITTLEJOHN, Justice:

The defendant-appellant, Rickey Lee, was indicted and pled not guilty to charges of (1) murder and (2) failing to stop for a police vehicle. After much testimony had been

taken, he changed his plea to guilty of voluntary manslaughter and was sentenced by the trial judge to twenty years imprisonment, suspended after the service of fifteen years and placed on probation for five years. He also plead guilty to failing to stop and was sentenced to ninety days, to run concurrently. After the sentence was imposed, he attempted to withdraw his guilty plea. His request was denied. He now appeals, raising basically two issues for determination by this court: (1) Did the lower court (Judge Julius H. Baggett) err in holding that he was competent to stand trial? and (2) Did the trial judge (Paul M. Moore) err in refusing to allow him to withdraw his guilty plea?

Prior to the call of the case for trial, the defendant's lawyer submitted to the court that he was not competent to stand trial. Having raised the issue, the burden of proving that he was not competent to stand trial was upon him, and the burden of proof in such cases is by the preponderance of the evidence. There was testimony which, if believed, would have warranted a finding that this defendant was not competent to stand trial. On the other hand, the South Carolina State Hospital Superintendent submitted to the court a report dated June 14, 1978, indicating that the defendant had been admitted to the hospital on June 1, 1978, for the purpose of determining his capacity to stand trial, pursuant to § 44-23-410, *et seq., Code of Laws of South Carolina* (1976). This report stated that after study and observation, the hospital staff found:

"(a) That the above-named defendant [Rickey Lee] is not mentally ill.

"(b) That the above-named defendant is capable of understanding the nature of the charges, and is capable of assisting counsel in his own defense."

These reports were admissible under Code § 44-23-410(2).

Defendant argues that it was improper during the competency hearing to allow the solicitor to ask the defendant's expert witness whether the defendant un-

derstood right from wrong. Over objection, the question was permitted. The issue of "right from wrong", as enunciated in the *M'Naghten* Rule, was not the issue before the court. It is apparent that the judge correctly understood that the issue was whether the defendant was capable at the time of understanding the proceedings against him and assisting in his own defense. Normally, the *M'Naghten* Rule is applicable as of the time of the alleged offense, while the competency-to-stand-trial issue relates to the time when the case would be submitted to the court and jury. The evidence was relevant on the issue of whether the defendant had an understanding of the proceedings against him and was correctly admitted.

The evidence submitted made an issue for determination by the judge. We cannot say that his finding that the defendant was capable of standing trial was without evidentiary support or against the preponderance of the evidence and, accordingly, we find no error on the part of the judge in ordering the defendant to trial.

Prior to sentencing, the judge accepted testimony relative to the sentence, stating: "I will be glad to listen to anyone who can help me make the right decision." Among those addressing the court was the solicitor.

He stated:

"In other words, Your Honor, we agreed to accept a plea to voluntary manslaughter not because we feel sorry for him but because of the legal problems that Your Honor is familiar with, in proving murder, we feel that he should be in the penitentiary and that he should be there for a very long time."

Counsel for the defendant sought to withdraw the guilty plea after sentence was imposed, contending that the solicitor had violated his agreement not to recommend a sentence. It is the defendant's contention that he was entitled to withdraw the plea unler the authority of *Santobello v. New York*, 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. (2d) 427 (1971).

In that case, the prosecuting attorney, in violation of the agreement of another prosecuting attorney, recommended the maximum sentence that could be imposed. The Court found that this was a violation of the government's agreement. Here, the trial judge said:

"Now my personal feeling is that I see no violation of any agreement that was entered into. I took the plea of voluntary manslaughter, I was the one that did the sentencing and I can assure you that what the Solicitor said had no bearing whatsover. I was the one that suggested that someone recommend to me what to do in regard to what I could do to help this young man in regard to the possibility of a probationary sentence—some type, I didn't say what."

Based on the whole record before us, we cannot say that the trial judge erred in finding that there was no violation of the agreement. Withdrawal of the plea was a matter of discretion for the judge. *State v. Neal,* 267 S. C. 53, 226 S. E. (2d) 236 (1975). We find no abuse of that discretion.

We recognize the impact of *Santobello,* wherein it was found that there had been a violation of the plea bargain agreement. Such is not the situation in the case before us.

Affirmed.

LEWIS, C. J., NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.