616 S.E.2d 422

**Drew John MONAHAN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26007.**

Supreme Court of South Carolina.

Heard April 6, 2005.

Decided July 5, 2005.

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie M. Thames, of Columbia, for respondent.

Justice MOORE.

Petitioner was indicted for murder and second degree arson after he stabbed his mother to death and burned her house. At trial, petitioner raised an insanity defense and presented medical testimony that he was paranoid schizophrenic. The jury returned a verdict of guilty but mentally ill (GBMI). We granted a belated review of petitioner's direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), and now affirm.

## FACTS

Before trial, defense counsel requested that petitioner be evaluated for competency to stand trial as provided in S.C.Code Ann. § 44–23–410 (2002). In ordering the competency exam, the trial judge used a form order indicating petitioner should also be examined for criminal responsibility although this was not requested.

Drs. Berg and Lewis examined petitioner and concluded he was competent to stand trial but not criminally responsible for his actions at the time of the offense. The State then requested that petitioner be examined for criminal responsibility by its own expert, Dr. Price. Petitioner objected on the ground § 44–23–410 does not allow an additional evaluation. Over petitioner's objection, the trial judge allowed petitioner to be examined by Dr. Price in the presence of defense counsel. The trial judge specified that the evidence resulting from the State's examination would be admissible only in reply at trial.

At trial, petitioner conceded he killed his mother but contended he was insane, or not criminally responsible, at the time of the offense. Dr. Berg, who conducted petitioner's original evaluation, testified for the defense that in her opin-

ion, petitioner was not criminally responsible because at the time of the offense he was suffering from the delusion that his mother was going to kill him. In reply, Dr. Price testified that petitioner's contrition and attempts to cover up his crime were signs of sanity. Dr. Price concluded petitioner was criminally responsible because he was able to distinguish right from wrong and was able to conform his conduct to the requirements of the law. The trial judge charged both insanity and GBMI. The jury returned a verdict of GBMI.

## ISSUE

Did the trial judge err in allowing the State's expert to examine petitioner on the issue of criminal responsibility?

## DISCUSSION

Petitioner contends it was error for the trial judge to allow the State's expert to examine him for criminal responsibility because § 44-23-410 does not provide for an additional examination and there is no statutory authority allowing it.

■■■ Section 44-23-410 does not apply to evaluations for criminal responsibility; it governs only evaluations to determine *competency to stand trial.*[1] These are separate mental health issues. The test for criminal responsibility relates to the time of the alleged offense, while competency to stand trial relates to the time the defendant is before the court for trial. *State v. Lee,* 274 S.C. 372, 375, 264 S.E.2d 418, 419 (1980). Accordingly, even if § 44-23-410 allows only one examination, it is not dispositive here.

■■■ The trial judge has the discretion to order a mental health evaluation where the defendant indicates an intent to introduce evidence at trial that he lacked criminal responsibility. *State v. Locklair,* 341 S.C. 352, 535 S.E.2d 420 (2000); *see*

---

1. Section 44-23-410 provides:

   Whenever a judge of the Circuit Court or Family Court has reason to believe that a person on trial before him, charged with the commission of a criminal offense or civil contempt, *is not fit to stand trial* because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall: [order examination as provided].
   (emphasis added).

*also State v. Myers,* 220 S.C. 309, 67 S.E.2d 506 (1951) (where insanity is interposed as a defense, compulsory examination to determine defendant's mental condition does not violate self-incrimination or due process provisions). We find no abuse of discretion here. Although petitioner was examined twice, only one examination was at the State's request after it became apparent petitioner intended to proceed with an insanity defense. There is no evidence the State was engaging in "opinion shopping" by requesting another expert evaluation. Evidence from the State's examination was introduced at trial in fair response to evidence of the initial evaluation in petitioner's favor.

We find the trial judge did not err in ordering an evaluation by the State's expert.

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.