THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Antwan L. Donaldson, Appellant.
 
 
 

Appeal From Barnwell County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2006-UP-397
Submitted December 1, 2006  Filed December 6, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM: Antwan L. Donaldson was convicted of armed robbery and possession of a firearm during the commission of a violent crime.  The trial court sentenced him to concurrent prison terms of twenty-five years for armed robbery and five years for the weapons offense.  Donaldson appeals, arguing the trial court erred in refusing to order a competency evaluation.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:
As to preservation of the issue of competency to stand trial:  Monahan v. State, 365 S.C. 130, 133, 616 S.E.2d 422, 423 (2005) (stating competency to stand trial is a distinct issue from criminal responsibility for an offense; competency to stand trial involves the defendants mental health at the time of trial, whereas the test for criminal responsibility concerns the defendants mental health at the time of the offense); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (In order for an
issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.
 Issues not raised and ruled upon in the trial court will not be considered on
appeal.); State v. Richardson, 358 S.C. 586, 595, 595 S.E.2d 858, 862 (Ct. App. 2004) (holding a party may not argue one ground at trial when alleging error and then argue another ground on appeal).
As to the merits:  See S.C. Code Ann. § 44-23-410 (2002) (providing a judge shall order an evaluation whenever the judge has reason to believe that a person on trial before him, charged with the commission of a criminal offense or civil contempt, is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity . . . .)[2]; State v. Locklair, 341 S.C. 352, 364, 535 S.E.2d 420, 426 (2000) (Despite the mandatory language of the statute requiring a judge to order a competency examination if there is reason to believe that a person charged with a criminal offense is not fit to stand trial, ordering a competency examination is within the discretion of the trial judge and a refusal to grant an examination will not be disturbed on appeal absent a clear showing of an abuse of discretion.); State v. Blair, 275 S.C. 529, 533, 273 S.E.2d 536, 538 (1981) (stating evidence of a defendants irrational behavior, his demeanor at trial, and any prior medical opinion as to his competency to stand trial are all relevant in determining whether a defendant is entitled to a hearing on his competency to stand trial); State v. Burgess, 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) (By statute, the question of whether a defendant is fit to stand trial depends upon whether the defendant, because of a lack of mental capacity, cannot understand the proceedings or assist in his [or her] own defense. (alteration in original) (quoting S.C. Code Ann. § 44-23-410 (2002))); see also State v. Beckham, 273 S.C. 755, 757, 259 S.E.2d 610, 611 (1979) (The law is well-settled that a motion for a
continuance is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed by this
court absent a showing of abuse of discretion.).
AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Section 44-23-410 has recently been amended by 2006 S.C. Acts 400.  The relevant language quoted here is not affected by the amendment, but it is now found at section 44-23-410(A).