**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stanley Delanor Moultrie, Appellant.

Appellate Case No. 2016-001830

---

Appeal From Georgetown County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-013
Submitted November 1, 2018 – Filed January 9, 2019

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam and Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent

---

**PER CURIAM:** Stanley Delanor Moultrie appeals his conviction of armed robbery, arguing the trial court erred by (1) denying his motion for a mental health

evaluation to determine his criminal responsibility and (2) denying his motion for a mental health evaluation to determine his competency to stand trial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his motion for a mental health evaluation to determine his criminal responsibility: *Monahan v. State*, 365 S.C. 130, 133, 616 S.E.2d 422, 424 (2005) ("The trial [court] has the discretion to order a mental health evaluation where the defendant indicates an intent to introduce evidence at trial that he lacked criminal responsibility."); *State v. Colden*, 372 S.C. 428, 435, 641 S.E.2d 912, 917 (Ct. App. 2007) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("[The appellate court] does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court's] ruling is supported by any evidence."); S.C. Code Ann. § 17-24-10(A) (2014) ("It is an affirmative defense . . . that, at the time of . . . the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong."); S.C. Code Ann. § 17-24-10(B) (2014) ("The defendant has the burden of proving the defense of insanity by a preponderance of the evidence."); *State v. Smith*, 298 S.C. 205, 208, 379 S.E.2d 287, 288 (1989) ("A criminal defendant is presumed to be sane; the State does not have to prove sanity."); S.C. Code Ann. § 17-24-20(A) (2014) ("A defendant is guilty but mentally ill if, at the time of . . . the offense, he had the capacity to distinguish right from wrong or to recognize his act as being wrong . . . , but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law.").

2. As to whether the trial court erred in denying his motion for a mental health evaluation to determine his competency to stand trial: *Monahan*, 365 S.C. at 133, 616 S.E.2d at 423 (stating the issue of whether an individual is criminally responsible for a crime due to a mental health condition is separate from the issue of whether an individual is competent to stand trial); *id.* ("The test for criminal responsibility relates to the time of the alleged offense, while competency to stand trial relates to the time the defendant is before the court for trial."); *State v. Burgess*, 356 S.C. 572, 575, 590 S.E.2d 42, 44 (Ct. App. 2003) ("The question of whether to order a competency examination falls within the discretion of the trial [court] whose decision will not be overturned on appeal absent a clear showing of

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

an abuse of that discretion."); *Colden*, 372 S.C. at 435, 641 S.E.2d at 917 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Wilson*, 345 S.C. at 6, 545 S.E.2d at 829 ("[The appellate court] does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court's] ruling is supported by any evidence."); S.C. Code Ann. § 44-23-410(A) (2018) ("Whenever a [trial court] has reason to believe that a person on trial before him, charged with the commission of a criminal offense . . . , is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the [court] shall . . . order [an evaluation] . . . ."); *Burgess*, 356 S.C. at 575, 590 S.E.2d at 44 ("Factors to be considered in determining whether further inquiry into a defendant's fitness to stand trial is warranted include evidence of his or her irrational behavior, his or her demeanor at trial, and any prior medical opinion on his or her competence to stand trial."); *id.* at 575-76, 590 S.E.2d at 44 (finding the defendant was not entitled to a mental health evaluation when she only presented prior records of mental health treatment but failed to establish how the records addressed her competence to stand trial and when her counsel primarily relied on personal assertions).

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**