21310

(271 S. E. (2d) 121)
Ernest CARNES, Respondent, v. STATE of South Carolina, Appellant.

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty. William K. Moore,* Columbia, *for appellant.*

*James L. Mann, II,* Columbia, *for respondent.*

October 8, 1980.

NESS, Justice:

Respondent, Ernest Carnes, was indicted on charges of rape and larceny. He entered a plea of guilty to rape and was sentenced to twenty years.

Carnes applied for post-conviction relief, asserting he was unlawfully in custody as he was mentally incompetent to enter a guilty plea and was insane at the time the offense occurred. The trial court granted Carnes' application for post-conviction relief, holding he was mentally incompetent to enter a plea of guilty. We reverse.

The sole issue is whether the trial court erred in vacating respondent's guilty plea and holding it was involuntary, because he was mentally incompetent.

The respondent was committed to the State Hospital for evaluation in this case prior to trial. They reported he was competent to stand trial.

The record reflects the respondent was examined by private psychiatrists prior to the taking of his guilty plea. The examining doctors testified at the respondent's post-conviction hearing, that, the respondent had above average I.Q., could have assisted in his defense, had good recall and knew he was entering a guilty plea.

The respondent also talked with his lawyer regarding his plea and was fully informed of the charges against him and the possible consequences of entering a guilty plea. Respondent's primary concern was that he did not want to go through with the trial.

Carnes chose to forego the presentation of an insanity defense at trial. Instead, he negotiated a guilty plea without risking the possibility of a more severe sentence.

We recognize our scope of review in post-conviction issues, however we are controlled here by *State v. Lambert*, 266 S. C. 574, 225 S. E. (2d) 340 (1976), which holds the test for mental competency to plead guilty is no more stringent than test for competency to stand trial. It is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as fac-

tual understanding of the proceedings against him." *Dusky v. U. S.*, 362 U. S. 402, 403, 80 S. Ct. 788, 789, 4 L. Ed. (2d) 824 (1960).

The record clearly reflects the respondent was competent to enter his guilty plea and that his plea was voluntarily entered. We reverse and remand for reinstatement of his sentence.

LEWIS, C. J., GREGORY, J., and WALTER T. COX, JR., Acting Associate Justice, concur.

LITTLEJOHN, J., not participating.