21358

The STATE, Respondent, v. Charles BLAIR, Appellant.

(273 S. E. (2d) 536)

*George E. Crosland, Jr.* and *John I. Rogers, III,* Bennetts-
ville, and *Daniel T. Brailsford* of *Williams & Williams,* ·Co-
lumbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Sol. J. Dupre Miller,* Bennettsville, *for respondent.*

January 5, 1981.

GREGORY, Justice:

Appellant Blair appeals his conviction of murder for the shooting death of his grandmother.

Blair was charged with this crime in October 1977. That same month, pursuant to Section 44-23-410, Code of Laws of South Carolina (1976), the Honorable James A. Spruill, Jr., Circuit Judge, committed Blair to the South Carolina Department of Mental Health for examination and observation to determine his competency to stand trial. Section 44-23-410 provides:

"Whenever a judge of the circuit court, county court, or family court has reason to believe that a person on trial before him, charged with the commission of a criminal offense, is not fit to stand trial because such person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall:

(1) Order examination of such person by two examiners designated by the Department of Mental Health or the Mental Retardation Department or both; such examination shall be made within fifteen days after the court's order, or

(2) Order such person committed for examination and observation to an appropriate facility for a period not to exceed fifteen days . . . The report of such examination shall be admissible as evidence in subsequent hearings pursuant to § 44-23-430. . . ."

A report was issued January 6, 1978 declaring Blair incompetent to stand trial.

On June 15, 1978, the Richland County Probate Court, following a sanity hearing, determined Blair was no longer

mentally ill and returned him to the jurisdiction of the General Sessions Court.

On August 16, 1979, again pursuant to § 44-23-410, the Honorable C. Anthony Harris, Circuit Judge, ordered Blair recommitted to the Department of Mental Health for the purpose of determining his then competency to stand trial. In a report filed with the Marlboro County Clerk of Court on November 19, 1979, the staff of the Department of Mental Health concluded Blair was suffering from "schizophrenia, paranoid type, not psychotic now," but that he was capable of standing trial.

Thereafter, neither party requested nor did the court order a hearing on the issue of Blair's competency to stand trial pursuant to § 44-23-430, Code of Laws of South Carolina (Cum. Supp. 1979), which provides:

"Upon receiving the report of the designated examiners *the court shall* set a date for and notify the person and his counsel of a hearing on the issue of his fitness to stand trial. The person shall be entitled to be present at such hearing and to be represented by counsel. . . ." (emphasis added)

At trial, Blair's only defense was insanity. The jury found him guilty of murder.

Appellant Blair argues the trial court erred in failing to conduct a competency hearing pursuant to § 44-23-430. The State contends Blair waived the right by failing to request the hearing. In a similar case, the United States Supreme Court found a sanity hearing cannot be waived. *Pate v. Robinson,* 383 U. S. 375, 86 S. Ct. 836, 15 L. Ed. (2d) 815 (1966). In *Pate,* the accused failed to demand a sanity hearing. The hearing was provided by Illinois law. The Supreme Court found the fact counsel placed the accused's sanity in issue throughout the proceedings indicated the right was not waived. In the case at bar, Blair's sanity was the crucial issue throughout the trial. Therefore,

we find failure to request the hearing did not waive the right to such hearing.

Since the right was not waived, the question becomes whether the hearing should have been held. Section 44-23-430 provides a competency to stand trial hearing "shall" be held after a psychiatric examination has been ordered under § 44-23-410.

The word "shall" may be construed as permissive to effect legislative intent, particularly when the statute. directs a court to determine certain matters. 82 C.J.S. *Satutes,* § 380, at p. 881 (1953). However, a statutory provision is generally regarded as mandatory where the power or duty to which it relates is for the security or protection of private rights. 73 Am. Jur. (2d) *Statutes,* § 27, at p. 284 (1974) ; 82 C.J.S., *supra.* The statute is designed to protect the accused's right to a fair trial by a due process determination of his competency and fitness to stand trial.

The standard for determining whether an accused is entitled to a competency to stand trial hearing has been set forth in a recent case interpreting *Pate v. Robinson, supra* :

"The import of our decision in *Pate v. Robinson* is that evidence of a defendant's irrational behavior, his demeanor at trial and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors, standing alone, may, in some circumstances, be sufficient." *Drope v. Missouri,* 420 U. S. 162, 180, 95 S. Ct. 896, 43 L. Ed. (2d) 103 (1975).

Blair had a history of mental disorders and past admissions to State Hospital in addition to a past adjudication of incompetence to stand trial in this case. Given these factors and mandatory wording of the statute, we conclude a competency to stand trial hearing should have been held.

In reversing the order of the trial judge and remanding the case for a competency to stand trial hearing, we follow a procedure enunciated in *State v. Hamilton*, 251 S. C. 1, 7, 159 S. E. (2d) 607 (1968). There, this Court remanded for a hearing to determine whether the police had probable cause to make the arrest in a murder case. This Court stated if, after the hearing, it was determined probable cause did not exist, an order reversing the conviction should be entered and a new trial granted. If, on the other hand, the hearing revealed the officers did have probable cause, the conviction would be upheld.

Similarly, on remand, if the hearing reveals Blair was incompetent to stand trial, an order reversing his conviction should be entered and a new trial granted when he is presently competent to stand trial. However, if the hearing reveals Blair was competent to stand trial, the conviction will stand.

We find the other exceptions raised by appellant to be without merit, and we dismiss them under Rule 23 of the Rules and Practice of this Court.

Remanded with Instructions.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.