## 23650

Frederick JETER, Petitioner v. STATE of South Carolina, Respondent.

(417 S.E. (2d) 594)

Supreme Court

*Evert Comer, Jr.,* Denmark, *for petitioner.*

*T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Chief Deputy Atty. Gen.,* and *Lisa G. Jefferson, Asst. Atty. Gen.,* Columbia, *for respondent.*

Submitted March 24, 1992.

Decided April 27, 1992.

TOAL, Justice:

The petitioner brought this PCR action asserting his plea was involuntary due to his mental incompetence and ineffective assistance of counsel. He alleges his counsel was ineffective for failing to request a mental examination which may have formed the basis for an insanity defense or a determination that he was not competent to stand trial. The Circuit Court denied relief and we affirm.

On October 3, 1989, the petitioner pled guilty to assault and battery with intent to kill and burglary, first degree. According to the facts recited by the officer at his plea, the petitioner kicked in the door of the residence where his wife and child were living. He entered the room where they were sleeping and shot his wife twice, once in the back and once in the head. He then shot himself. His wife's injuries were minor but the petitioner still suffers some sporadic weakness in his legs and blindness in one eye which comes and goes.

At the guilty plea hearing, the petitioner responded appropriately to the trial judge's inquiries. The petitioner indicated he understood the crimes charged and his possible sentence.

At the PCR evidentiary hearing, there was no live medical testimony. Several medical records were introduced dating immediately after the shooting to one month after his plea. These records include statements indicating, in the opinion of the medical personnel, the petitioner had some problems with his mentation and was a little slow answering questions. Other portions of the records indicate he was able to give detailed sequential account of the events leading to his incarceration, was socially appropriate and asked relevant questions.

The facts upon which these conclusions were drawn and the qualifications of the medical personnel are not in the record. It is clear, however, none of the opinions given were the result of any psychological evaluation of any depth.

The petitioner's family members testified they felt his plea was involuntary. The petitioner's brother-in-law denied, however, the petitioner was not in his right mind. The petitioner's pastor testified the petitioner was coherent at his plea hearing and understood what was being said to him.

The petitioner's trial attorney testified he knew the petitioner for several years and defended him in prior criminal trials. The attorney testified he could see no change in the petitioner from his behavior before he shot himself, nor did the trial attorney "notice anything abnormal to make me think he was mentally deficient." App. at 156.

### Incompetence in Fact

Due process prohibits the conviction of a person who is mentally incompetent. *Bishop v. United States,* 350 U.S. 961, 76 S. Ct. 440, 100 L. Ed. 835 (1956). This right cannot be waived by a guilty plea. *Pate v. Robinson,* 383 U.S. 375, 86 S. Ct. 836, 15 L. Ed. (2d) 815 (1966). The test of competency to enter a plea is the same as required to stand trial. *State v. Lambert,* 266 S.C. 574, 225 S.E. (2d) 340 (1976). The accused must have sufficient capability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him. *Carnes v. State,* 275 S.C. 353, 271 S.E. (2d) 121 (1980). In a PCR action, the petitioner bears the burden of proof and is required to show by a preponderance of the evidence he was incompetent at the time of his plea. SCRCP Rule 71.1(e) (formerly Sup. Ct. Rule 50(4). Any evidence of probative value to support the post conviction judge's factual findings is sufficient to uphold those findings on appeal. *Webb v. State,* 281 S.C. 237, 314 S.E. (2d) 839 (1984). We find the lower court's determination that the petitioner did not meet his burden of proof is supported by the evidence. The excerpts from the medical records are of little probative value. The opinions given are contradictory and do not directly relate to the petitioner's ability to consult with his attorney or to understand the proceedings. Additionally, the

basis of the opinions is not provided. Further, the testimony of the petitioner's pastor and defense attorney along with the petitioner's responses at his plea hearing support the petitioner's competence.

### Ineffective Assistance of Counsel Claims

The petitioner argues his counsel was ineffective for failing to request a mental examination which may have formed the basis of an insanity defense or a determination that he was not competent to stand trial.

Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984) (applicable to guilty pleas under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985)), a petitioner must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim.

The evidence addressed at the PCR hearing was insufficient to show deficient performance on the part of trial counsel. The defense attorney discussed the petitioner's case and his option with the petitioner on several occasions prior to his plea. We find trial counsel reasonably relied on his own perceptions, particularly since counsel was familiar with the petitioner from previous representation. The family who testified at the PCR hearing never raised their concerns regarding the petitioner's competency to the defense attorney. Accordingly, we affirm the trial court's finding that the defense attorney's failure to seek a psychiatric evaluation was not outside the range of reasonable professional assistance.

Even if this Court found deficient performance, the petitioner has failed to show prejudice from counsel's failure to further investigate his mental capacity. Under this second prong of *Strickland*, the petitioner need only demonstrate a "reasonable probability" that he was either insane at the time of the shooting or incompetent at the time of the plea. For an insanity defense, the accused must be unable to distinguish moral or legal right from wrong and to recognize the particular act charged as morally or legally wrong. S.C. Code Ann. 17-24-10 (Supp. 1991). To show prejudice for failing to pursue this defense, the petitioner must produce some evidence of insanity or a showing that with the exercise

of due diligence, an insanity defense could have been developed. *State v. Vickers*, 306 N.C. 90, 291 S.E. (2d) 599 (1982), *accord Daniel v. State*, 282 S.C. 155, 317 S.E. (2d) 746 (1984). There is no evidence suggesting the petitioner was insane under South Carolina law at the time of the shooting. Petitioner's own testimony at the PCR hearing does not support a claim of insanity at the time of the shooting.

As to the petitioner's competency to stand trial, although under an ineffective assistance of counsel claim the petitioner does not bear the burden of the preponderance of the evidence standard, he must still show there is a reasonable probability he would have been determined to be incompetent. *Strickland, supra.* The lower court found the petitioner has failed to meet this standard. For the reasons given above, we agree and affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.