2362

In the Interest of ANTONIO H., a minor under
the age of seventeen years, Appellant.

(461 S.E. (2d) 825)

Court of Appeals

*Assistant Appellate Defender Lisa T. Gregory* of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr.,* and *Staff Attorney Charles F. Reid,* all of Columbia; and *Solicitor Walter M. Bailey, Jr.,* Summerville, *for respondent.*

Submitted June 6, 1995.

Filed June 19, 1995; Reh. Den. Aug. 24, 1995.

## ORDER GRANTING PETITION FOR REHEARING AND WITHDRAWING AND SUBSTITUTING OPINION

*Per Curiam:*

After careful consideration, the Court hereby grants the Petition for Rehearing, and orders that the opinion heretofore filed be withdrawn and the attached opinion be substituted therefor.

/s/ William T. Howell, C.J.
/s/ C. Tolbert Goolsby, Jr., J.
/s/ Kaye G. Hearn, J.

HOWELL, Chief Judge:

Antonio H., a juvenile, pleaded guilty to various charges. At a subsequent dispositional hearing, the family court committed Antonio to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday. Antonio appeals, arguing the family court erred in failing to make a determination of Antonio's competence to plead guilty. We agree, and remand.

Antonio was charged with grand larceny of an automobile, petit larceny of a bicycle, and violation of house arrest. An adjudicatory hearing was held before Judge Watson on September 22, 1993. At the hearing, Antonio entered a plea of guilty to use of a vehicle without permission, petit larceny, and viola-

tion of house arrest. The trial court accepted the guilty pleas after a short colloquy and committed Antonio to the Reception and Evaluation (R & E) Center for an evaluation.

During his stay at the R & E Center, Antonio allegedly committed and was charged with second-degree criminal sexual conduct. At a hearing before Judge Campbell on February 23, 1994, Antonio was found to be incompetent to stand trial by reason of mental retardation. The State *nolle prossed* the criminal sexual conduct charges.

On March 16, 1994, Antonio appeared before Judge Watson for the dispositional hearing on the charges to which Antonio had pleaded guilty. At the hearing, the State informed the court that the criminal sexual conduct charges had been filed against Antonio, and that Antonio was found to be incompetent to stand trial because he was mentally retarded. Antonio's attorney stated that

> Antonio was found incompetent to stand trial. That gives me great cause and concern. I really don't know what is in Antonio's best interest. . . . Due to Antonio's age,[1] the fact that he has at some point recently been found incompetent to stand trial, I don't think a commitment to the Department of Juvenile Justice would be in his best interest. I think that would do more harm. I think he is easily influenced. Up there I think he would learn more negative things and see things that maybe we can protect him from and shield him from. Maybe alternative placement is in his best interest. We leave it at the Court's discretion to take all these factors into consideration.

Judge Watson committed Antonio to the Department of Juvenile Justice for an indeterminate period not to exceed his twenty-first birthday.

On appeal, Antonio argues the family court erred by failing to determine whether Antonio was competent to plead guilty. Antonio contends the court should have made a competency determination at the September hearing when Antonio entered his guilty pleas. He further argues the court should

---

[1] Antonio was eleven years old at the time he pleaded guilty, and twelve years old at the time of the dispositional hearing.

have corrected the error when it learned at the dispositional hearing of the diagnosis of mental retardation. Antonio contends mental retardation is not a condition which "comes and goes"; thus, Antonio was incompetent when he pleaded guilty, and his commitment to the Department of Juvenile Justice is invalid.

S.C. Code Ann. § 44-23-410 (Supp. 1994) provides:

> Whenever a judge of the Circuit Court or Family Court has reason to believe that a person on trial before him, charged with the commission of a criminal offense or civil contempt, is not fit to stand trial because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall:

>> (1) order examination of the person by two examiners designated by the Department of Mental Health if the person is suspected of having a mental illness or designated by the Department of Disabilities and Special Needs if the person is suspected of being mentally retarded . . .; or

>> (2) order the person committed for examination and observation to an appropriate facility of the Department of Mental Health or the Department of Disabilities and Special Needs for a period not to exceed fifteen days. . . . The report of the examination is admissible as evidence in subsequent hearings pursuant to Section 44-23-430. . . .

The statute is written in mandatory terms, providing that the family court *shall* order an examination when the court has reason to believe a defendant is incompetent. At the dispositional hearing, the family court was aware that Antonio had been found incompetent to stand trial less than one month earlier. Thus, the family court clearly had reason to believe Antonio was not competent to stand trial or plead guilty.[2] The statute therefore required the family court

---

[2] The level of competency required to plead guilty is the same as that required to stand trial. *Sims v. State*, — S.C. —, 438 S.E. (2d) 253 (1993); *Carnes v. State*, 275 S.C. 353, 271 S.E. (2d) 121 (1980).

to order an examination of Antonio. *See State v. Blair*, 275 S.C. 529, 273 S.E. (2d) 536 (1981) (interpreting as mandatory the language of S.C. Code Ann. § 44-23-430, which provides that the court *shall* set a competency hearing after ordering an evaluation of defendant's competency under 44-23-410); *see also State v. Evans*, 309 S.C. 471, 424 S.E. (2d) 512 (Ct. App. 1992).

Therefore, under the particular facts of the case, Antonio's guilty plea does not operate as a complete waiver and preclude him from raising the issue of competency on appeal. Due process prohibits the conviction of a person who is mentally incompetent; this right cannot be waived by a guilty plea. *Jeter v. State*, 308 S.C. 230, 417 S.E. (2d) 594 (1992); *Pate v. Robinson*, 383 U.S. 375 (1966). In *Pate*, the United States Supreme Court held that where a sanity hearing was required under state law, the fact that the defendant pleaded guilty and did not request such a hearing did not amount to a waiver of the right where the defendant's counsel placed the defendant's sanity in issue throughout the proceedings. Similarly, in *State v. Blair*, our Supreme Court held that the defendant's failure to request a competency hearing did not constitute a waiver of his right to a hearing where the defendant's sanity was the crucial issue at trial. 275 S.C. at 532-33, 273 S.E. (2d) at 537.

Here, while Antonio's competency was a central issue at his dispositional hearing, it was never raised at the adjudicatory hearing. We are therefore constrained to leave standing Antonio's guilty plea, and focus solely on the dispositional hearing. *See, e.g., State v. McKinney*, 278 S.C. 107, 292 S.E. (2d) 598 (1982) (failure to object to unknowing or involuntary nature of guilty plea precludes consideration of the issue on appeal); *Whetsell v. State*, 276 S.C. 295, 277 S.E. (2d) 891 (1981) (guilty plea freely and voluntarily entered into acts as a waiver of all nonjurisdictional defects and defenses).

Accordingly, following the procedures outlined in *State v. Blair*, we remand the case to the family court and instruct the court to order an examination of Antonio. After receiving the report, the family court shall, pursuant to S.C. Code Ann. § 44-23-430, conduct a hearing to determine Antonio's competency. If the family court concludes Antonio is competent, Antonio's commitment to the Department of Juvenile Justice

shall stand. However, if the family court concludes Antonio is not competent, any disposition of his guilty plea shall be continued until such time as Antonio may become competent.

Remanded.

GOOLSBY and HEARN, JJ., concur.