596 S.E.2d 49

**Henry MATTHEWS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25813.

Supreme Court of South Carolina.

Submitted Dec. 4, 2003.

Decided April 26, 2004.

Rehearing Denied May 25, 2004.

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

Chief Justice TOAL:

Henry Matthews (petitioner) asserts that the post-conviction relief (PCR) judge erred in dismissing his application for PCR. We hold that the PCR judge erred in finding petitioner's trial counsel rendered effective assistance.

### Factual/Procedural Background

Petitioner pled guilty to armed robbery, attempted armed robbery, carjacking, and accessory after the fact to murder. He agreed to a thirty-year sentence for armed robbery, concurrent twenty-year sentences for attempted armed robbery, a concurrent twenty-year sentence for carjacking, and a concurrent fifteen-year sentence for accessory after the fact to murder. Petitioner did not appeal the decision.

Petitioner filed a PCR application, and the PCR judge denied relief but ordered the Department of Corrections to treat petitioner as though he had pled guilty but mentally ill (GBMI) pursuant to S.C.Code Ann. § 17–24–70 (Supp.2002). Petitioner submits the following question for review:

Did the PCR judge err in finding petitioner's trial counsel effective even though counsel failed to request a competency hearing to determine whether petitioner was competent to stand trial?

### Law/Analysis

■■ Petitioner asserts his trial counsel was ineffective in failing to raise the issue of his fitness to stand trial. He contends that the PCR judge erred in denying PCR relief and, at the same time, ruling that petitioner should be treated as having pled GBMI. We find that petitioner's trial counsel was ineffective in failing to make a motion for a *Blair*[1] hearing given the evidence of petitioner's incompetency.

■ Due process prohibits the conviction of an incompetent defendant, and this right may not be waived by a guilty plea. *Jeter v. State*, 308 S.C. 230, 232, 417 S.E.2d 594, 595–596 (1992) (citations omitted).

■ In a PCR action, the petitioner must prove by a preponderance of the evidence that he was incompetent when

---

1. *State v. Blair*, 275 S.C. 529, 273 S.E.2d 536 (1981).

he entered his guilty plea. *Id.* at 232, 417 S.E.2d at 596; Rule 71.1(e), SCRCP.

In order to find that petitioner's trial counsel was ineffective for refusing to request a *Blair* hearing on petitioner's competency to stand trial, petitioner must show that counsel was deficient and that the deficiency prejudiced the outcome of petitioner's proceedings. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gallman v. State*, 307 S.C. 273, 414 S.E.2d 780 (1992).

In *Jeter*, this Court proclaimed that in proving *Strickland* prejudice within the context of counsel's failure to fully investigate the petitioner's mental capacity, "the [petitioner] need only show a 'reasonable probability' that he was either insane at the time [the crime was committed] or incompetent at the time of the plea." *Jeter*, 308 S.C. at 233, 417 S.E.2d at 596.

During the PCR hearing, petitioner's mother testified that petitioner had learning disabilities, took special education classes, and was "slower than other children." [2] In addition, petitioner's mother testified that petitioner was in a near-fatal auto accident one year before the crimes were committed.[3] As a result of the accident, petitioner had surgery on his neck and his head, as well as a tracheotomy to keep him breathing.

Dr. John Cusack (Cusack), a psychiatrist, testified about his five evaluations of petitioner prior to the PCR hearing. He testified that petitioner's pre-accident condition was "at best below the realm of average and possibly mild retardation." Petitioner's auto accident caused him to suffer from anoxia, which causes cerebral damage resulting from the lack of oxygen. Cusack described petitioner's post-accident mental condition as "someone with severe frontal lobe brain damage, which are the cognitive areas" and concluded that petitioner was incompetent and could not participate in his own defense.

In describing petitioner's mental condition, Cusack referred to petitioner's quick, nonsensical responses to questions. When Cusack asked petitioner where he was, he gave the

---

2. At the trial stage, petitioner's trial counsel informed the court that petitioner has an I.Q. of 60, which registers as "mildly retarded."

3. Petitioner's mother testified that she told petitioner's trial counsel about the accident, but trial counsel testified that he was unaware of the auto accident.

quick, basic response of "here." When asked if he was in a prison, cafeteria, or zoo, petitioner responded, "zoo." When asked what his name was, petitioner responded, "me."

Through the testimony of Cusack mentioned above, petitioner clearly established by a preponderance of the evidence that he was incompetent at the time he entered his guilty plea. Consequently, petitioner's trial counsel was deficient for failing to request a *Blair* hearing so that the court could examine petitioner's fitness to stand trial.

We find that trial counsel's failure to request a *Blair* hearing prejudiced petitioner under the *Jeter* standard because there was, at minimum, a "reasonable probability" that petitioner was incompetent at the time of his guilty plea.

Therefore, the PCR judge erred in finding that petitioner's trial counsel rendered effective assistance.

### CONCLUSION

Since petitioner's trial counsel rendered ineffective assistance in failing to explore petitioner's incompetence, petitioner's guilty plea is vacated, and petitioner is granted a new trial.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.