THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Titonton Belfort, Appellant.
 
 
 

Appeal From Aiken County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2007-UP-127
Submitted February 1, 2007  Filed March 23, 2007

AFFIRMED

 
 
 
 Assistant Appellate Defender Eleanor Duffy Cleary, South Carolina Commission of Appellate Defense, of  Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Sr., Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM: A jury found Titonton Belfort guilty and sentenced him to nine years imprisonment for trafficking cocaine.  Belfort contends the trial judge should have appointed an interpreter pursuant to Section 17-1-50 (2003) of the South Carolina Code.  
FACTS
Belfort is a native of Haiti and speaks Creole.  He immigrated to the United States in 1981 and has never received formal education in Haiti or in the United States.  A grand jury in Aiken County indicted Belfort for trafficking cocaine.  Subsequently, a jury found Belfort guilty.  Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Belfort attached to the final brief a petition to be relieved as counsel, stating she reviewed the record and concluded the appeal was without legal merit sufficient to warrant a new trial.  After a thorough review of the record, we ordered the parties to brief whether the circuit court erred in failing to comply with Section 17-1-50 (2003) of the South Carolina Code and whether this issue was preserved for appeal.
LAW/ANALYSIS
Belfort argues the trial judge failed to conform to section 17-1-50.  Section 17-1-50(B)(1) provides:

 Notwithstanding any other provision of law, whenever a party, witness, or victim in a criminal legal proceeding does not sufficiently understand or speak the English language to comprehend the proceeding or to testify, the court must appoint a certified or otherwise qualified interpreter to interpret the proceedings to the party or victim or to interpret the testimony of the witness.

We do not address the issue of whether the trial judge fulfilled the obligations of this section because the issue is not preserved for our review. 
It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).  It is uncontested that defense trial counsel did not raise the issue of whether the trial court was required to order an interpreter.[1] 
Nonetheless, Belfort argues that under State v. Blair, 275 S.C. 529, 273 S.E.2d 536 (1981), we can adjudicate this issue even though it is not preserved.  However, counsels reliance on Blair is misplaced.  
In Blair, the South Carolina Supreme Court addressed the issue of whether a defendants failure to request a competency hearing, when the defendants sanity was a crucial issue throughout the trial, constituted a waiver.  Id. at 532, 273 S.E.2d at 537.  Our Supreme Court concluded defendants failure to request a hearing did not constitute a waiver because of the United States Supreme Courts decision in Pate v. Robinson, 383 U.S. 375 (1966).  Id.       
In Pate, the accused did not demand a sanity hearing, even though the hearing was provided by Illinois law.[2]  Pate, 383 U.S. at 376, 385.  The U.S. Supreme Court concluded that because defense counsel placed the accuseds sanity in issue throughout the proceedings, there was no waiver.  Id. at 384.
In the present case during the trial defense counsel did not place in issue Belforts ability to speak and comprehend English.  When the trial judge asked why Belfort had not been provided an interpreter, defense counsel replied, Your Honor, when Ive had my meetings with [Belfort], hes understood my talks with him.  I asked him if he needed an interpreter and he [said no].  Therefore, Blair and Pate do not support the proposition that a failure to raise the issue of the appointment of an interpreter need not be preserved for our review.
We are aware other jurisdictions do not require this issue to be preserved for appellate review.[3]  However, we are not prepared to overrule the long-standing rule that only preserved issues are appropriate adjudication. 
CONCLUSION
Accordingly, the circuit courts decision is 
AFFIRMED.[4]
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] Belfort states in his brief, Counsel did not make a motion for the appointment of a Haitian Creole interpreter for [Belfort].  (Appellants Br. 9).
[2] Under Illinois law, if the court is put on notice of facts which raise a bona fide doubt regarding a defendants sanity, it becomes the duty of the court to determine if a defendant is competent to stand trial.  People v. Robinson, 22 Ill.2d 162, 167, 174 N.E.2d 820, 822 (1961). 
[3] See e.g., Garcia v. State, 149 S.W.3d 135, 143-45 (Tex. Crim. App. 2004) (If the trial court is aware that the defendant does not speak or understand English, defendant need not preserve by objection the trial courts failure to appoint an interpreter.); Duroff v. Commonwealth, 192 Ky. 31, 34, 232 S.W. 47, 49 (1921) (The trial court is vested with a broad discretion in the matter of calling an interpreter. However, it is the duty of the court to call an interpreter when witnesses are unable to understand and speak English; yet, when they can understand and speak the English language reasonably well, it is not necessary to call an interpreter.); but see Luna v. Black, 772 F.2d 448, 451 (8th Cir. 1985) (holding the district court has wide discretion in determining whether an interpreter is needed); Fairbanks v. Cowan, 551 F.2d 97, 99 (6th Cir. 1977) (rulings on appointment qualifications of interpreter need to be objected to in order to preserve that issue for review).
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.