IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35823

| LEE A. RIDGLEY, | ) | |
|---|---|---|
| | ) | Boise, December 2009 Term |
| Petitioner-Appellant, | ) | |
| | ) | 2010 Opinion No. 24 |
| v. | ) | |
| | ) | Filed: March 17, 2010 |
| STATE OF IDAHO, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Respondent. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Boundary County. Hon. Charles W. Hosack, District Judge.

The district court order dismissing post-conviction relief petition is affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth Jorgensen argued.

_____

HORTON, Justice

This is an appeal from the district court's summary dismissal of a petition for post-conviction relief. The Idaho Court of Appeals reversed the district court's dismissal in part and this Court granted the State's petition for review. We affirm the district court's order of dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2002, sixteen days after his wife died, Lee Ridgley pled guilty to lewd and lascivious conduct with a minor under the age of sixteen. Before sentencing, Ridgley moved to withdraw his plea on the grounds that appointed counsel had not adequately represented and advised him prior to entry of the guilty plea, but the district court denied his motion. In an unpublished opinion, the Idaho Court of Appeals affirmed the district court's decision.

On April 4, 2005, Ridgley filed a petition for post-conviction relief. Ridgley's petition alleged that his defense counsel's performance was deficient because counsel had met with him for less than one hour before Ridgley pled guilty, failed to provide Ridgley with a copy of the

police report, failed to contact potential witnesses, failed to watch or listen to tapes of interviews of the victim, failed to advise Ridgley of potential defenses, and failed to take steps to determine whether Ridgley's severe grief and depression rendered him incompetent or unable to make a rational decision about pleading guilty.

The State answered the petition and, in its answer, moved for summary dismissal, arguing that the issues presented in Ridgley's petition were "essentially identical" to the issues advanced in support of Ridgley's earlier motion to withdraw his plea. After Ridgley requested a trial setting on his petition, the State renewed its motion for summary dismissal, again asserting that the bases for post-conviction relief advanced in the petition were identical to those that had been decided previously. The district court then issued notice of its intention to summarily dismiss the action pursuant to I.C. § 19-4906. In that notice, the district court observed that Ridgley had included a transcript of the testimony produced at the hearing on his motion to withdraw his guilty plea. In light of the evidence produced at that hearing—that Ridgley had told his attorney that he wished to plead guilty—the district court stated that there was an insufficient showing of deficient performance by trial counsel. The district court further observed that there was "a total lack of evidence that, but for counsel's alleged deficiencies, [Ridgley] would have insisted on going to trial."

Ridgley thereafter filed a response to the notice, supported by his affidavit and two other affidavits. These responsive filings focused on the final claim of ineffective assistance of counsel, i.e., counsel's failure to take steps to evaluate Ridgley's mental condition prior to his plea of guilty. In his affidavit, Ridgley averred that he informed his attorney that he was suffering from severe depression and did not understand the proceedings. He further averred that his attorney did not discuss with him the possibility of obtaining an evaluation to determine his competence. He also asserted that, if successful in obtaining post-conviction relief, he intended to go to trial. Ridgley's attorney's first affidavit advanced his opinion that trial counsel's performance was objectively unreasonable and appended a report prepared by a psychologist, Dr. Jonelle Timlin. Dr. Timlin prepared this report approximately nine months after Ridgley pled guilty. After reviewing Ridgley's response, the district court summarily dismissed Ridgley's petition.

Ridgley appealed the district court's decision. The court of appeals affirmed the district court's dismissal of the first five claims of ineffective assistance of counsel. However, the court

of appeals reversed the grant of summary dismissal regarding counsel's failure to request a competency evaluation prior to Ridgley's plea. This Court granted the State's petition for review.

## II. STANDARD OF REVIEW

While this Court gives serious consideration to the views of the court of appeals when considering a case on review from that court, this Court reviews the district court's decision directly. *State v. Rogers*, 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004).

Post-conviction proceedings are governed by the Uniform Post-Conviction Procedure Act, I.C. § 19-4901 *et seq.* A petition for post-conviction relief is a civil proceeding, governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). However, "[t]he 'application must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).'" *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008) (quoting *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002)). The application must be supported by a statement that "specifically set[s] forth the grounds upon which the application is based." *Rhoades v. State*, 148 Idaho 247, 249-51, 220 P.3d 1066, 1068-69 (2009). "The application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal." *Payne*, 146 Idaho at 561, 199 P.3d at 136 (citing I.C. § 19-4903).

"Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the trial court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56." *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). "When reviewing the grant of a motion for summary judgment, this Court applies the same standard used by the district court in ruling on the motion." *Citibank (South Dakota), N.A. v. Carroll*, 148 Idaho 254, 257, 220 P.3d 1073, 1076 (2009) (citing *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009)). Likewise, when reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. Thus, when reviewing such a dismissal, this Court must determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483.

"[I]f the petitioner's alleged facts are uncontroverted by the State . . . [they] must be regarded as true." *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985).

> However, summary dismissal may be appropriate even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law.

*Yakovac*, 145 Idaho at 444, 180 P.3d at 483.

> "[W]here the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). "When an action is to be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts." *Loomis v. City of Hailey*, 119 Idaho 434, 437, 807 P.2d 1272, 1275 (1991).

*Id.*

### III. ANALYSIS

As previously noted, Ridgley's petition alleged ineffective assistance of counsel in the following aspects:  (1) that his attorney met with Ridgley for less than one hour before Ridgley pled guilty; (2) that his attorney failed to provide Ridgley with a copy of the police report; (3) that his attorney failed to contact potential witnesses; (4) that his attorney failed to watch or listen to tapes of interviews of the victim; (5) that his attorney failed to advise Ridgley of potential defenses; and (6) that his attorney failed to take steps to determine whether Ridgley's severe grief and depression rendered him incompetent or unable to make a rational decision about pleading guilty.

A petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In addition to showing that his counsel's performance was deficient, "the defendant must show that the deficient performance prejudiced the defense." *Id.*

The district court's order of dismissal concluded a ten-page memorandum opinion.  The first four pages of the order were largely devoted to a recitation of the procedural history of the case.  The district court devoted approximately one page of analysis to the first five claims of ineffective assistance of counsel and observed that these "were virtual mirror images" of the

claims advanced in support of the motion to withdraw the guilty plea. Relying heavily on the earlier findings of a different district judge in connection with the earlier proceedings and the court of appeals' affirmance, the district court then concluded that Ridgley had failed to demonstrate that trial counsel's performance was deficient.

The district court observed that the only "'new' evidence" presented in response to the proposed dismissal of the petition related to trial counsel's failure to request an evaluation of Ridgley's mental health condition. The district court then devoted approximately five pages of discussion to that claim, concluding that Ridgley had failed to demonstrate that trial counsel's performance was deficient in this regard and that Ridgley had failed to demonstrate resultant prejudice. In light of the differing treatment of the first five issues by the district court, we consider them collectively before turning to the sixth claim.

### A. Although the district court improperly failed to provide Ridgley with notice of the grounds upon which Ridgley's first five claims of ineffective assistance of counsel were dismissed, we nevertheless affirm the dismissal.

As to the first five claims of ineffective assistance of counsel presented in his petition for post-conviction relief, Ridgley asserts that the district court erred by dismissing his petition on a ground that was not identified by the court in its notice of intent to dismiss. The district court's notice stated its intent to dismiss on the grounds that Ridgley had presented no evidence supporting his claims of deficient performance nor evidence establishing an objective basis from which to conclude that, but for counsel's alleged deficiencies, Ridgley would not have pled guilty. However, the degree to which the final order referenced and evidently relied on the earlier factual findings by a different judge can only be reasonably interpreted as reflecting the district court's view that the issues previously presented by Ridgley in support of his motion to withdraw his plea of guilty could not be relitigated in this post-conviction action. This ground for dismissal was not stated in the district court's notice of intent to dismiss.

A petitioner is entitled to notice of the trial court's contemplated grounds for dismissal and an opportunity to respond before a petition for post-conviction relief is dismissed. I.C. § 19-4906(b). Failure to provide such notice and opportunity to be heard may result in reversal of a summary dismissal of a petition for post-conviction relief. *Saykhamchone v. State,* 127 Idaho 319, 321, 900 P.2d 795, 797 (1995). We are unable to conclude that the district court gave Ridgley appropriate notice of its intention to dismiss the first five claims on the basis of res judicata.

This conclusion does not automatically require reversal, however. Where the lower court reaches the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory. *Boise Tower Assoc.s, LLC v. Hogland*, 147 Idaho 774, 782, 215 P.3d 494, 502 (2009) (citing *Nampa & Meridian Irr. Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003)). Because this Court employs the same standards on appellate review that the trial court applies in considering summary dismissal of a petition for post-conviction relief, if Ridgley failed to provide admissible evidence supporting these claims, they were properly dismissed.

We address only the prejudice prong of the *Strickland* standard. In *Hill v. Lockhart*, 474 U.S. 52, (1985), the U.S. Supreme Court clarified how the *Strickland* prejudice prong is to be applied when the defendant entered a plea of guilty. In order to demonstrate prejudice, a petitioner is required to show that as a result of counsel's deficient performance "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Since its pronouncement, this Court has regularly reiterated that the *Hill* prejudice standard is applicable to claims of ineffective assistance of counsel in connection with guilty pleas. *Dunlap v. State*, 141 Idaho 50, 59, 106 P.3d 376, 385 (2004); *Gilpin-Grubb v. State*, 138 Idaho 76, 82, 57 P.3d 787, 793 (2002); *McKeeth v. State*, 140 Idaho 847, 851, 103 P.3d 460, 464 (2004); *Ray v. State*, 133 Idaho 96, 101, 983 P.2d 931, 936 (1999).

In his affidavit filed in response to the district court's notice of intent to dismiss, Ridgley asserted that if post-conviction relief were granted, he would not again plead guilty but would insist on going to trial because he is innocent. This assertion is insufficient to withstand summary dismissal. Nowhere in his petition or his affidavit does Ridgley attempt to draw a causal connection between the alleged deficiencies of his attorney's performance and his decision to plead guilty. In *Hill*, the U.S. Supreme Court focused on a similar failure to allege a causal connection. 474 U.S. at 60 ("Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty.")

In the present case, Ridgley did not attempt to show that the relatively brief contact with his trial attorney contributed to his decision to plead guilty or that greater contact may have dissuaded him from pleading guilty. He did not show that information contained within the police reports may have given him some reason to go to trial. Similarly, he did not identify any

evidence from potential witnesses or that was contained in the tape recording of the victim's interview that may have led him to decide against pleading guilty. He did not identify any potential defense to the charge that may have resulted in a different decision. In short, Ridgley simply made no effort to link his claims of deficient performance with his plea of guilty. Therefore, we affirm the district court's summary dismissal of these claims.

**B. The district court properly dismissed Ridgley's claim of ineffective assistance of counsel for failure to determine Ridgley's competence to enter a plea of guilty.**

The district court found that Ridgley failed to establish necessary facts to support a finding that his counsel was deficient by failing to seek a competency evaluation before Ridgley entered his guilty plea or that Ridgley was prejudiced by any deficient performance.

In his petition for post-conviction relief, Ridgley alleged that

> [m]y attorney did not advise me of the potential of having an evaluation to determine my mental status, whether or not I would appreciate the proceedings that were filed against me or be able to assist in my defense. In fact, I was not able to assist in my defense. I had no basis of knowledge.

In other words, Ridgley alleges that his counsel was ineffective for failing to recognize that he was incompetent at the time he entered his plea. *See* I.C. § 18-210 ("No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted, sentenced or punished for the commission of an offense so long as such incapacity endures."). This Court has determined that the I.C. § 18-210 standard is consistent with that applied by the federal courts. *State v. Powers*, 96 Idaho 833, 842, 537 P.2d 1369, 1378 (1975) (citing *Dusky v. U.S.*, 362 U.S. 402 (1960)). The standard to determine competency to stand trial is whether the defendant has "the capacity to understand the proceedings against him and (2) assist in his defense." *Id.*

Once again, we find that Ridgley has failed to demonstrate a genuine issue of material fact as to prejudice. "With respect to the prejudice prong of a claim of ineffective assistance of counsel [for failing to order a competency evaluation], [a petitioner] need only demonstrate a 'reasonable probability' that he was incompetent, 'sufficient to undermine confidence in the outcome'" at the time he entered his plea. *Bouchillon v. Collins*, 907 F.2d 589, 594 (5th Cir. 1990) (quoting *Strickland*, 466 U.S. at 694).

> A claim of incompetence does not lend itself very well to the "outcome" test in *Strickland* because it does not turn on the validity of the result vis a vis guilt or innocence. Since to convict an incompetent person is a *per se* due process violation, guilt or innocence of the offense charged is irrelevant.

*Id.* at 595 n.20. The South Carolina Supreme Court states the rule this way:

> Due process prohibits the conviction of an incompetent defendant, and this right may not be waived by a guilty plea. *Jeter v. State*, [417 S.E.2d 594, 595-596] (1992) (citations omitted).
>
> In a [post-conviction relief] action, the petitioner must prove by a preponderance of the evidence that he was incompetent when he entered his guilty plea. *Id.* at [417 S.E.2d at 596]; Rule 71.1(e), SCRCP.
>
> In order to find that petitioner's trial counsel was ineffective for refusing to request a . . . hearing on petitioner's competency to stand trial, petitioner must show that counsel was deficient and that the deficiency prejudiced the outcome of petitioner's proceedings. In [*Jeter*, 417 S.E. 2d at 596], this Court proclaimed that in proving *Strickland* prejudice within the context of counsel's failure to fully investigate the petitioner's mental capacity, "the [petitioner] need only show a 'reasonable probability' that he was . . . incompetent at the time of the plea."

*Matthews v. State*, 596 S.E.2d 49, 50-51 (S.C. 2004). Thus, we must decide whether Ridgley has presented admissible evidence showing that there is a reasonable probability that he was incompetent at the time he entered his plea. We conclude that he has not.

In discussing whether Ridgley's trial counsel should have ordered an evaluation, the district court stated that

> [t]he only evidence offered in this case that Ridgley was emotionally distraught, in a state of shock, and incompetent are the allegations of Ridgley's own affidavit. Ridgley's own conclusory and bare assertions, alone, are not sufficient to survive summary dismissal . . . . While Ridgley's affidavit does raise the fact issue that he was emotionally distraught when he entered the guilty plea, the affidavit offers no more than a mere conclusion that he was not competent to understand the nature of the proceedings and knowingly enter into a guilty plea, and is unsupported by any facts as to the alleged mental incompetency.

The court further stated that

> without something in the record suggesting that an examination in February 2002 would have shown [that Ridgley was incompetent] to proceed, there is nothing to satisfy the prejudice prong of *Strickland.*

We note that the district court was not entirely accurate in saying that Ridgley offered nothing more on the issue of his incompetency than his own statements. Ridgley also offered the psychological evaluation prepared by Dr. Timlin for sentencing purposes nine months after Ridgley's plea in support of his claim that he was not competent to plead guilty. Despite noting that Ridgley suffers from some indications of depression, post-traumatic stress disorder, and anxiety disorder, the report also states that Ridgley is "'oriented to person, place and time.'" More importantly, the report addressed only Ridgley's mental state at the time it was prepared;

the report says nothing about Ridgley's mental state at the time he entered his plea—nine months earlier. By contrast, in *Bouchillon*, the Court of Appeals for the Fifth Circuit, in holding that a defense attorney's failure to investigate the defendant's competency to stand trial constituted ineffective assistance of counsel, recognized that

> the psychologist who examined Bouchillon . . . testified that, in his opinion, Bouchillon was incompetent at the time of his pleading. While that opinion was not offered based on a contemporaneous examination of Bouchillon it was rendered in the context of his diagnosis of Bouchillon's condition. That diagnosis is consistent with Bouchillon's record of treatment in prison and his previous history of mental problems.

*Bouchillon v. Collins*, 907 F.2d at 594.

In the present case, Ridgley did not present an expert's opinion that he was not competent, as defined by I.C. § 18-210, at the time he pled guilty. Although Ridgley stated in his petition that he was not able to assist in his defense, to the extent that this statement may be interpreted as an opinion regarding his competence for purposes of I.C. § 18-210, it was not admissible evidence. This Court has recognized that in order to render admissible opinions regarding mental condition, the witness must be qualified as an expert under the Idaho Rules of Evidence. *State v. Winn*, 121 Idaho 850, 855, 828 P.2d 879, 884 (1992).[1] In the absence of admissible evidence showing a reasonable probability that he was incompetent at the time of his plea of guilty, we conclude that Ridgley failed to demonstrate a genuine issue of material fact as to his claim that his attorney's deficient performance resulted in prejudice. Accordingly, we affirm the decision of the district court.

## IV. CONCLUSION

We conclude that Ridgley did not demonstrate the existence of a genuine issue of material fact supporting his claim that his attorney's allegedly deficient performance resulted in prejudice. Accordingly, we affirm the district court's order granting summary dismissal of Ridgley's petition for post-conviction relief.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.

---

[1]     Although admissibility of evidence is governed by the Idaho Rules of Evidence, the standard that we have required is consistent with legislative requirements. Court-ordered competency evaluations are to be performed by a "qualified psychiatrist or licensed psychologist." I.C. § 18-211.