**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ernest L. Hall, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-187269

---

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-114
Heard December 9, 2014 – Filed March 4, 2015

---

**AFFIRMED**

---

Appellate Defender Benjamin John Tripp, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General John Walter Whitmire, all of Columbia, for Respondent.

---

**PER CURIAM:** Ernest Luther Hall was convicted of murder and possession of a firearm during the commission of a violent crime. He appeals from the denial and

dismissal of his application for post-conviction relief (PCR), arguing his trial counsel was ineffective in (1) failing to obtain a psychological examination of Hall and (2) failing to request a voluntary manslaughter charge when Hall suffers from post-traumatic stress disorder (PTSD) and brain damage. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Hall's trial counsel was ineffective in failing to obtain a psychological examination of Hall: *Strickland v. Washington*, 466 U.S. 668, 690-93 (1984) (stating to receive relief, a PCR applicant must show (1) counsel was deficient and (2) counsel's deficiency caused prejudice); *Cherry v. State*, 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989) (providing an attorney's performance is not deficient if it is reasonable under professional norms); *Von Dohlen v. State*, 360 S.C. 598, 607, 602 S.E.2d 738, 743 (2004) ("*Strickland* does not require counsel [to] investigate every conceivable line of mitigating evidence or require the submission of such evidence in every case . . . ."); *Jeter v. State*, 308 S.C. 230, 233, 417 S.E.2d 594, 596 (1992) (finding trial counsel reasonably relied on his own perceptions regarding the petitioner's competency and was not deficient for failing to investigate his mental health); *Lee v. State*, 396 S.C. 314, 322, 721 S.E.2d 442, 447 (Ct. App. 2011) (finding plea counsel was not deficient for failing to investigate the petitioner's mental health, even though the petitioner had a history of mental retardation, because she had no indication of his mental status); *Strickland*, 466 U.S. at 693 (defining prejudice as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

2. As to whether Hall's trial counsel was ineffective in failing to request a voluntary manslaughter charge when Hall suffers from PTSD and brain damage: *State v. Walker*, 324 S.C. 257, 260, 478 S.E.2d 280, 281 (1996) ("Heat of passion alone will not suffice to reduce murder to voluntary manslaughter."); *id.* ("Both heat of passion and sufficient legal provocation must be present at the time of the killing."); *State v. Cooley*, 342 S.C. 63, 68, 536 S.E.2d 666, 668 (2000) ("In general, South Carolina has allowed marital infidelity to support a charge of marital voluntary manslaughter only when the killer finds the other spouse and paramour in a guilty embrace or flagrantly suggestive situation."); *State v. Byrd*, 323 S.C. 319, 322, 474 S.E.2d 430, 432 (1996) ("[W]ords alone, however opprobrious, are not sufficient to constitute a legal provocation.").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ. concur.**